**GUTRIDE SAFIER LLP**
Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Marie A. McCrary (SBN 262670)
marie@gutridesafier.com
Todd Kennedy (SBN 250267)
todd@gutridesafier.com
Anthony Patek (SBN 228964)
anthony@gutridesafier.com
100 Pine Street, Suite
1250 San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Diana M. Rutowski (STATE BAR NO. 238878)
drutowski@orrick.com
Jacob M. Heath (STATE BAR NO. 238959)
jheath@orrick.com
Rebecca Harlow (State Bar No. 281931)
rharlow@orrick.com
Thomas Fu (State Bar No. 325209)
tfu@orrick.com
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614-7400
Facsimile:      +1 650 614-7401

## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thanh Tran and Jyotindra Shakya, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Fantasia Trading LLC; Anker Innovations Technology Co., Ltd.; Power Mobile Life, LLC<br><br>Defendants. | Case No.: 3:2023-cv-03925-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT NO. 1** |

1. Thanh Tran and Jyotindra Shakya ("Plaintiffs"), and Fantasia Trading LLC ("Fantasia") submit this Joint Case Management Statement pursuant to this Court's October 27, 2023 Order (Dkt. # 24), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

**1. Jurisdiction and Service**

On August 4, 2023, Plaintiffs commenced this putative class action by filing a Class Action Complaint in this Court. Fantasia filed a Motion to Dismiss the complaint on November 3, 2023. Plaintiffs filed a First Amended Complaint on December 22, 2023. In addition to additional allegations, Plaintiffs added two defendants--Anker Innovations Technology Co., Ltd. and Power Mobile Life, LLC. The First Amended Complaint has not yet been served upon Anker Innovations Technology Co., Ltd. or Power Mobile Life, LLC. Fantasia is scheduled to file its renewed Motion to Dismiss on January 26, 2024. Anker Innovations Technology Co., Ltd. is a Chinese company located in China, so service will need to be effected through the Hague Convention; thus, it will be some months if not longer before all defendants are served.

The Class Action Fairness Act of 2005, 28 U.S.C.A. § 1711, *et seq.*, provides the basis for the Court's subject matter jurisdiction over Plaintiffs' claims.

**2. Facts:**

<u>Plaintiffs' Statement:</u>

Plaintiffs' complaint involves Defendants' false and deceptive marketing and sale of their Eufy security cameras (the "Eufy Cameras"). Although Defendants prominently market the Eufy Cameras as "1080p" / "HD," "2K," or "4K" / "UHD," they are not. To the contrary, testing shows that the actual resolution offered by the Eufy Cameras is significantly lower than "1080p" / "HD," "2K," or "4K" / "UHD":

| Eufy Camera | Advertised Resolution | Estimated Actual Resolution |
|---|---|---|
| S300 EufyCam 3C | 4K/UHD | Slightly less than 2K resolution (approximately 1,774) |
| Video Doorbell E340 (telephoto camera) | 2K | 720p or less |

(Amended Complaint (Dkt. No. 30) at 30.)

Video resolution is a critical factor that consumers consider in determining what security camera to purchase. Higher resolution cameras are desirable because they enable recorded subjects to be identified with greater accuracy and at longer distances. A security camera system with true 1080p resolution is capable of producing a crisp image that can enable users to identify subjects by their faces, hair, clothing, tattoos, and other indicia. Security cameras with "1080p" / "HD," "2K," or "4K" / "UHD" video quality command a higher price than cameras with lower resolutions.

Defendants understand the importance of video quality to consumers, and deliberately market the Eufy Cameras in a way that deceives consumers into falsely believing that they will obtain a much higher video quality than the Eufy Cameras can actually provide. Defendants made their false "1080p" / "HD," "2K," or "4K" / "UHD" resolution claims throughout the Class Period in their product marketing, including the product listings on Amazon.com, as well as on the specifications and marketing materials provided to other online merchants and brick and mortar stores. Defendants never disclosed to consumers that the Eufy Cameras are incapable of providing video quality concomitant with "1080p" / "HD," "2K," or "4K" / "UHD" resolution.

Fantasia's Statement:

Eufy's smart home technology is built as human-first technology to support and protect the well-being of its consumers and their homes. Eufy cameras have received widespread recognition and awards for their innovative design and technological features. For example, the Eufy Cam 2 received Tech Radar's recognition as "Best Security Camera 2020," *see* https://www.techradar.com/news/the-best-tech-of-2020-meet-techradars-product-of-the-year-award-winners ("of all the models we've tested this year it's the Anker eufyCam 2 that's

impressed us the most"); Eufy products won three CES 2021 Innovation Awards, including awards for the Eufy Cam 2 Pro and the Eufy security Smart Lock Touch & WiFi, *see* https://devicenext.com/eufy-by-anker-shines-at-ces-2021/; and the Eufy Security Video Doorbell Dual received "The Best of CES 2022" award for Best Camera, *see* https://www.wired.com/story/best-of-ces-2022/ ("The Eufy Security Video Doorbell Dual boasts all the features a good doorbell cam needs—like a clear 2K camera and an included hub that acts as a Wi-Fi booster). The products are well regarded in the industry and by consumers alike.

Plaintiffs' First Amended Complaint (FAC) fails to allege that the Eufy Cameras do not have 1080p, 2K, and 4K resolution as the FAC itself defines those terms, which is in terms of pixels. Therefore, the FAC **on its face** fails to allege any false or misleading statement by Fantasia about the Eufy Cameras that could support any of the causes of action alleged. Indeed, Plaintiffs' purported "testing" of the "actual resolution" does not actually contradict any of the advertised statements and the majority of the allegations in the FAC are irrelevant to the question of whether any statement by Fantasia regarding the pixel resolution of the cameras was actually false.

If this case proceeds beyond the pleading stage, Plaintiffs' claims will be shown to be meritless. Fantasia is confident that Plaintiffs will not be able to prove literal falsity or to demonstrate that Fantasia's advertisements mislead, confuse, or deceive the consuming public as required to prove its claims. Fantasia will be able to show that the resolution of its cameras is supported by the evidence.

**3.     Legal Issues:**

Plaintiffs allege violations of the Consumer Legal Remedies Act (the "CLRA"), California Civil Code §1750, et seq.; False Advertising, Business and Professions Code § 17500, et seq.; Common Law Fraud, Deceit and/or Misrepresentation; Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, et seq.; and Unjust Enrichment.

<u>Plaintiffs' Statement</u>:

Plaintiffs anticipate filing a motion for class certification. Plaintiffs are hopeful that the parties will be able to resolve all their discovery disputes without the assistance of this Court, but disagreements about discovery are common in complex matters, and Plaintiffs may need to seek guidance on the scope or timing of that discovery. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

Fantasia's Statement:

Fantasia intends to file a motion to dismiss by its deadline of January 26, 2024, on the grounds that the FAC fails to adequately allege violations of any law or allege that any statement was false or misleading. If any claims survive that motion, Fantasia anticipates opposing class certification. While Fantasia intends to work with Plaintiffs to resolve any disputes regarding discovery informally, it is possible that a discovery dispute will require the Court's intervention. Fantasia may seek summary judgment and/or summary adjudication and will bring other motions as needed at the appropriate time in this action.

**4. Amendment of Pleadings:**

Plaintiffs' Statement:

Depending on facts learned in discovery, Plaintiffs may seek to modify the proposed class. Moreover, as this is a class action, additional plaintiffs may seek to intervene or be added. Additionally, although Plaintiffs expect to prevail on the forthcoming motion to dismiss, they will request to leave to amend their complaint to address any deficiencies identified by the Court in making its ruling. Plaintiffs proposes a deadline for amending pleadings nine (9) months after the Court rules on the pending motion to dismiss or any subsequent motion to dismiss, whichever is later.

Fantasia's Statement:

Plaintiffs have already amended their Complaint once, and Fantasia does not believe any further amendment will be appropriate or that departure from the time frames dictated by the Federal Rules of Civil Procedure is merited.

**5. Evidence Preservation:**

Plaintiffs and Fantasia have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs and Fantasia will jointly propose an appropriate ESI stipulation to be submitted to the Court. Plaintiffs and Fantasia have preserved evidence in their possession, custody, or control.

**6.  Disclosures:**

Plaintiffs and Fantasia will exchange initial disclosures on or before January 29, 2024.

**7.  Discovery:**

<u>Plaintiffs' Statement</u>:

Plaintiffs intend to serve interrogatories and requests for production on Fantasia in advance of the Case Management Conference. Plaintiffs may also subpoena third parties. Plaintiffs also anticipate deposing Defendants pursuant to Fed. R. Civ. Pro. 30(b)(6) and Defendants' employees with knowledge relevant to Plaintiffs' claims. Plaintiffs will also seek production of the Eufy Cameras' firmware and software relating to their image signal processing.

The parties will jointly propose an appropriate Protective Order and an order regarding the discovery of electronically stored information ("ESI") to be submitted to the Court.

<u>Fantasia's Statement</u>:

Neither Plaintiffs nor Fantasia have served discovery to date, and two named defendants have not been served. Discovery would be premature and an unnecessary expenditure of resources before Fantasia's intended motion to dismiss is decided as Fantasia expects it will dispose of the case. If this litigation proceeds past the pleading stage, Fantasia intends to seek discovery via interrogatories, requests for production, and depositions of the named plaintiffs into topics including Plaintiffs' purchase, analysis, and testing of the Eufy cameras, including that analysis and testing that was conducted prior to filing and prior to amending their Complaint. Fantasia may also seek discovery from absent class members. Fantasia will meet and confer with Plaintiffs regarding an appropriate Protective Order and ESI Protocol.

**8. Class Action Matters:**

<u>Plaintiffs' Statement</u>:

Plaintiffs make the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b). Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

> The "Class": All natural persons who purchased Eufy Cameras in the United States within the four years preceding the filing of this Complaint (the "Class Period").
>
> The "California Subclass": All Class Members who purchased Eufy Cameras in California

Plaintiffs contend that this action involves common questions of law and fact to the Classes because each Class member's claim derives from deceptive, unlawful, or unfair statements and omissions that led them to rely on the unlawful claims on the Product labels. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right to each member of the Classes to recover. The questions of law and fact common the Classes are:

a. whether the Eufy Cameras are capable of providing video quality concomitant with "1080p" / "HD," "2K," or "4K" / "UHD" resolution;

b. whether the Eufy Cameras can record video of a quality that is concomitant with "1080p" / "HD," "2K," or "4K" / "UHD" resolution;

c. whether users can view "1080p" / "HD," "2K," or "4K" / "UHD"-quality video from the Eufy Cameras on users' devices;

d. whether Defendants unfairly, unlawfully and/or deceptively misrepresented that the Eufy Cameras are capable of providing "1080p" / "HD," "2K," or "4K" / "UHD"-quality resolution; that they can record "1080p" / "HD," "2K," or "4K" / "UHD"-quality video; and that users can view "1080p" / "HD," "2K," or "4K" / "UHD" -quality video from the Eufy Cameras on users' devices;

e. whether the use of the terms "1080p" / "HD," "2K," or "4K" / "UHD" "in Defendants' marketing violated Federal and/or California state law;

f.  whether the advertising of the Eufy Cameras as being capable of "1080p" / "HD," "2K," or "4K" / "UHD"-quality resolution caused them to command a premium in the market as compared with similar products that do not make such a claim;

g.  whether Defendants' advertising and marketing regarding the Eufy Cameras sold to the class members was likely to deceive the class members and/or was unfair;

h.  whether a ""1080p" / "HD," "2K," or "4K" / "UHD" claim on product advertising is material to a reasonable consumer;

i.  whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

j.  the amount of profits and revenues earned by Defendants as a result of the conduct;

k.  whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

l.  whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

Plaintiffs contend that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

**Plaintiffs' Proposed Certification Schedule:**

| | |
|---|---|
| Deadline for Plaintiffs to file their motion for class certification and any expert report(s) in support thereof | Eight (8) months after Defendants file their answer to the operative complaint |
| Deadline for Defendants to file their opposition to the motion for class certification and any expert report(s) in support thereof | Eight (8) weeks after Plaintiffs file their motion for class certification |

| Deadline for Plaintiffs to file their reply in support of the motion for class certification | Eight (8) weeks after Defendants file their opposition to the motion for class certification |
|---|---|

Fantasia's Statement:

Fantasia anticipates opposing Plaintiffs' motion to certify a class or classes. Fantasia proposes that Plaintiffs' motion for class certification be due pursuant to the schedule it proposes in Section 16 below.

**9. Related Cases**

Plaintiffs and Fantasia do not currently seek to deem any other pending cases "related" to this case.

**10. Relief:**

Plaintiffs' Statement:

As set forth in the Complaint, Plaintiffs seek damages, restitution, non-restitutionary disgorgement, injunctive relief, costs, attorneys' fees, and any other relief that the Court may deem just and proper.

Fantasia's Statement:

Plaintiffs summarize the relief that they seek, but Fantasia denies that they are entitled to such relief.

**11. Settlement and ADR:**

Plaintiffs and Fantasia have engaged in some settlement discussions but do not believe that further discussions will be fruitful at least until Fantasia's intended motion to dismiss is decided. Plaintiffs and Fantasia anticipate that they will stipulate to private mediation at an appropriate time.

**12. Assignment to Magistrate for All Purposes:**

Fantasia declined to consent to magistrate judge jurisdiction for all purposes on October 24, 2023 (ECF No. 19).

**13. Other References:**

At this time, Plaintiffs and Fantasia do not believe that these cases are suitable for MDL treatment or reference to binding arbitration or a special master.

**14.　Narrowing of Issues:**

Plaintiffs and Fantasia do not propose any methods to narrow the issues.

**15.　Expedited Trial Procedure:**

Plaintiffs and Fantasia do not believe this case is suitable for treatment on an expedited basis.

**16.　Scheduling:**

Plaintiffs have proposed a schedule for briefing on the anticipated motion for class certification above in Section 8. Though it is unclear what Fantasia is proposing, Plaintiffs oppose bifurcation of discovery into class/merits discovery, as it inevitably creates more discovery disputes. Consistent with the Local Rules, all evidentiary objections, including Daubert motions should be included with the opposition brief. Plaintiffs propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the parties will be better able to assess the remaining discovery and experts needed.

Fantasia is amenable to Plaintiffs' proposal that the remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification for the reasons Plaintiffs provide; however, Fantasia proposes the following modifications to Plaintiffs' proposed schedule, which sets forth a more clearly defined schedule for class certification experts and briefing:

- Completion of Class Cert Fact Discovery: 6 months after any and all Defendants have filed their answer(s) to any operative complaint
- Plaintiffs' Class Cert Experts: 14 days later
- Defendants Class Cert Experts: 30 days later
- Plaintiffs Class Cert Reply Experts: 30 days later
- Class Cert Motion and Class Daubert Motions: 14 days later
- Class Cert Opposition: 35 days later

- Class Cert Reply: 28 days later

**17.  Trial:**

Plaintiffs have demanded a jury trial. Plaintiffs and Fantasia believe it is premature to estimate the length of the trial at this time.

**18.  Disclosure of Non-Party Interested Entities or Persons:**

Plaintiffs' Statement:

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Plaintiffs Thanh Tran and Jyotindra Shakya

Putative class members

Fantasia's Statement:

Fantasia, through its undersigned counsel, states that Fantasia Trading is a solely owned subsidiary of Anker Innovations Limited, which is wholly owned by Anker Holding Ltd., which is in turn wholly owned by Anker Innovations Technology Co., Ltd. Anker Innovations Technology Co., Ltd. is a public company listed on Shenzhen Stock Exchange. Other than those entities, the parties to this litigation, and the members of the putative class(es), Fantasia is unaware of any persons or entities having either (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.  Professional Conduct:**

All attorneys of record for Plaintiffs and Fantasia have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  Other Matters:**

None at this time.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 11, 2024 | **GUTRIDE SAFIER LLP** |
| 3 | | By: /s/ Seth A. Safier |
| 4 | | Seth A. Safier (SBN 197427)<br>seth@gutridesafier.com |
| 5 | | Marie A. McCrary (SBN 262670)<br>marie@gutridesafier.com |
| 6 | | Todd Kennedy (SBN 250267)<br>todd@gutridesafier.com |
| 7 | | 100 Pine Street, Suite 1250<br>San Francisco, CA 94111 |
| 8 | | Telephone: (415) 639-9090<br>Facsimile: (415) 449-6469 |
| 9 | | |
| 10 | | Attorneys for Plaintiffs |
| 11 | Dated: January 11, 2024 | **Orrick, Herrington & Sutcliffe LLP** |
| 12 | | |
| 13 | | By: /s/ Diana M. Rutowski/s/ |
| 14 | | Diana M. Rutowski (SBN 233878)<br>drutowski@orrick.com |
| 15 | | 1000 Marsh Road<br>Menlo Park, CA 94025-1015 |
| 16 | | Telephone: (650) 614-7400<br>Facsimile: (650) 614-7401 |
| 17 | | |
| 18 | | Attorneys for Fantasia Trading LLC |

ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: January 11, 2024

**GUTRIDE SAFIER LLP**

By: */s/ Seth A. Safier*
Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Marie A. McCrary (SBN 262670)
marie@gutridesafier.com
Todd Kennedy (SBN 250267)
todd@gutridesafier.com
Anthony Patek (SBN 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs