DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614-7400
Facsimile: +1 650 614-7401

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA 90071-1596
Telephone: +1 213 629-2020
Facsimile: +1 213 612-2499

Attorneys for Defendant Fantasia Trading LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN and JYOTINDRA SHAKYA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC; ANKER INNOVATIONS TECHNOLOGY CO., LTD.; POWER MOBILE LIFE, LLC,<br><br>Defendants. | Case No. 3:23-cv-03925-JD<br><br>**DEFENDANT FANTASIA TRADING LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF STANDING**<br><br>Date: March 7, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. James Donato<br>Location: Courtroom 11, 19th Floor |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, at 10:00 a.m., or as soon thereafter as available, in the courtroom of the Honorable James Donato, located at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, Defendant Fantasia Trading LLC, will and hereby does move to dismiss Plaintiffs' First Amended Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, and any other matter that the Court may properly consider.

Fantasia Trading LLC seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the First Amended Class Action Complaint for failure to state a claim upon which relief can be granted, or in the alternative pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing certain claims for lack of subject matter jurisdiction, specifically lack of Article III standing.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 1 -

Defendant Fantasia Trading LLC's
Notice of Motion and Motion To Dismiss
Case No. 3:23-cv-03925-JD

# **TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

II. SUMMARY OF RELEVANT FACTS ............................................................................. 2

III. LEGAL STANDARD ........................................................................................................ 4

IV. LEGAL ARGUMENT ....................................................................................................... 6

    A. The FAC Must Be Dismissed In Its Entirety, Because It Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Resolutions. ................. 6

        1. Plaintiffs plead no facts alleging that Defendants' cameras were incapable of producing video with the advertised pixel counts. ............................................ 6

        2. The FAC's new allegations regarding "optical resolution" do not concern the cameras' pixel counts and are thus irrelevant. .................................................. 8

        3. Plaintiffs' reliance of "optical resolution" is contradicted by the sources upon which their own FAC relies. ............................................................................. 9

        4. The remainder of the FAC's allegations are irrelevant for similar reasons. .... 11

    B. In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300. ............................................................................................................................ 12

V. CONCLUSION ................................................................................................................ 13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................. 4

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ............................................................................................ 12

*Doe v. City of San Mateo*,
WL 4774931 (N.D. Cal. 2008) ............................................................................................ 5

*Estell v. McHugh*,
2017 WL 1175589 (N.D. Cal. 2017) ................................................................................ 5, 7

*Gomez v. Smith*,
2022 WL 117763 (N.D. Cal. 2022) ..................................................................................... 5

*Gonzales v. Uber Technologies, Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ............................................................................... 7

*Gonzalez v. Planned Parenthood of Los Angeles*,
759 F.3d 1112 (9th Cir. 2014) ............................................................................................. 5

*In re Outlaw Laboratories, LLP*,
463 F. Supp. 3d 1068 (S.D. Cal. 2020) ............................................................................... 5

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021) ........................................................................... 6, 13

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ............................................................................................. 5

*Soman v. Alameda Health Systems*,
2018 WL 6308185 (N.D. Cal. 2018) ................................................................................... 2

*Students Against Genocide (SAGE) v. Dep't of State*,
1998 WL 699074 (D.D.C. 1998) ..................................................................................... 1, 9

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .................................................................................... 5, 7, 12

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

Plaintiffs' First Amended Complaint, ECF No. 30 ("FAC"), rests, at its core, on a sleight of hand. The legal theory underlying the FAC is that Defendants Fantasia Trading LLC ("Fantasia"), Anker Innovations Technology Co., Ltd., and Power Mobile Life, LLC (collectively, "Defendants")[1] falsely claimed that thirteen of their cameras were capable of producing video resolutions of "1080p," "2K," or "4K" (which, according to the sources cited in Plaintiffs' FAC, means that each frame of those videos has, respectively, 2,073,600; 3,686,400; or 8,294,400 pixels). *See* FAC ¶¶ 17–19, nn. 2–4. Plaintiffs, however, do not allege that Defendants' products recorded videos with fewer pixels than advertised. To confirm those numbers, one might look at the camera sensor, data sheets, and/or metadata of the resulting videos, which is notably absent from Plaintiffs' allegations. Instead, Plaintiffs' allegations focus on an entirely different aspect of the cameras' videos—namely, their "optical resolution," or image *quality*. *See* FAC ¶¶ 45-65. "Optical resolution," however, does not attempt to measure the number of pixels in an image, but rather "how small an object can be seen and accurately identified." *Students Against Genocide (SAGE) v. Dep't of State*, 1998 WL 699074, at *7 (D.D.C. 1998). Because the FAC focuses solely on this aspect of image quality that was not the subject of any of the advertising statements that Plaintiffs challenge here, it fails to plausibly allege that Defendants' statements about the cameras' "video resolution" (i.e., actual pixel count) were false.

What is more, although their FAC is premised on the theory that Defendants falsely advertised the pixel counts of *thirteen* separate products, Plaintiffs' allegations concern only *two* of them (the S300 EufyCam 3C and the E340 Video Doorbell). In other words, the FAC includes *no factual allegations at all* about eleven of the products accused—and so certainly includes no well-pled facts showing that Defendants' representations about those cameras were false. For that reason alone, Plaintiffs' suit must be dismissed as to all of those eleven products. Further, Plaintiffs are ultimately forced to admit (though they do their best to bury it) that they only actually purchased

---

[1] The FAC names Fantasia, Anker Innovations Technology Co., Ltd., and Power Mobile Life, LLC all as Defendants. Plaintiffs, however, only recently contend to have served Power Mobile Life, LLC, which will be responding to the FAC by the applicable deadline. Anker Innovations Technology Co., Ltd. in China has not been served and Plaintiffs' counsel has represented that it will be dismissed from the case. Thus, this motion (just like the original motion to dismiss) is filed solely on behalf of Fantasia by its response deadline.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 1 -

Defendant Fantasia Trading LLC's
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

*two* cameras referenced in the Complaint (the S300 EufyCam 3C and the Video Doorbell Dual with HomeBase)—only one of which (the S300 EufyCam 3C) is subject to their allegations. *See* FAC ¶¶ 71-72, 76-77. By their own admission, then, Plaintiffs have suffered no harm that is fairly traceable to any other products—and they thus lack standing to pursue any claims based on them. Accordingly, Plaintiffs' suit must in all events be limited solely to the S300 EufyCam 3C—the only product that is both subject to the allegations regarding purported falsity *and* allegedly purchased by a Plaintiff.

Plaintiffs' FAC reflects exactly the kind of pleading by deception that the Federal Rules were designed to weed out. It should be dismissed in its entirety.

## I. STATEMENT OF ISSUES TO BE DECIDED

Fantasia seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the suit for failure to state a claim, and an order pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing certain claims for lack of standing.

## II. SUMMARY OF RELEVANT FACTS

According to the Complaint, Defendants are responsible for manufacturing and selling "eufy" branded security cameras. *See, e.g.*, FAC. ¶ 1. Plaintiffs allege that thirteen products bearing the eufy brand are advertised as offering a "video resolution" of either "4K," "2K," or "1080p." FAC ¶¶ 17-19, 22. As explained by the sources incorporated by reference in Plaintiffs' FAC, those labels refer to the number of pixels in images that the cameras are capable of recording. For instance, "4K refers to a video resolution of 3,840 x 2,160 pixels." *What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, *cited at* FAC ¶¶ 17, 19, nn.2, 4; *see also* FAC ¶ 24 (alleging that Defendants' advertisements "describe[] 4K as 'detailed' video with more than '8 million pixels'"); *id.* ¶ 26 (alleging that Defendants represent that "'4K' video resolution," means "video images consisting of '8 million pixels'").[2] The "2K" label, according to Plaintiffs, means that the "cameras provide a high resolution picture of 2560x1440" pixels. *2K vs*

---

[2] Because these sources are cited in the FAC, they are incorporated by reference into it, and thus may be considered on a motion to dismiss under Rule 12(b)(6). *See Soman v. Alameda Health Sys.*, 2018 WL 6308185, at *2 (N.D. Cal. 2018) (Donato, J.).

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

*4K Security Cameras and Systems*, CCTV Camera World, https://www.cctvcameraworld.com/2k-vs-4k-security-cameras-systems, *cited at* FAC ¶ 18, n.3.[3]  And the "1080p" label, they say, refers to a video that is "made up of 1,920 x 1,080 pixels." *What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, *cited at* FAC ¶¶ 17, 19, nn.2, 4.

Plaintiffs Thanh Tran and Jyotindra Shakya are two individuals who each claim to have purchased a specific eufy branded product—the Video Doorbell Dual Camera with HomeBase and the S300 eufyCam, respectively.  FAC ¶¶ 71-72, 76-77.  According to Plaintiffs, the first of those products was advertised as having "2K" resolution, while the second was advertised as having "4K" resolution.  *Id.*  Plaintiffs claim that, after purchasing those products, they were "disappointed in the image quality they produced."  FAC ¶¶ 73, 78.

Plaintiffs filed this lawsuit in August 2023, asserting in their initial Complaint that "the actual video resolution" of the two cameras they purchased, as well as eleven others they did not, "is significantly lower than '1080p' / 'HD,' '2K,' or '4K' / 'UHD' video resolution"—that is, that the videos recorded by the cameras did not contain the number of pixels advertised.  ECF No. 1 at ¶¶ 1, 22.

In November 2023, Fantasia—the only defendant who had at that time been served—filed a motion to dismiss.  ECF No. 26.  That motion explained that Plaintiffs' false advertising claims all failed for the simple reason that although the claims each "rest[ed] on the assertion that Defendants' cameras did not, in fact, record video at the advertised resolutions—i.e., with the advertised number of pixels," the Complaint "notably steer[ed] clear of making any concrete factual allegation" that the cameras' pixel counts were less than advertised.  ECF No. 26 at 5.

Rather than oppose Fantasia's motion, Plaintiffs filed their FAC on December 22, 2023.  The FAC does not alter the set of advertising statements challenged—it rests solely on theories that

---

[3] Though not relied on for purposes of this motion, other authorities, however, including the International Telecommunications Union (the United Nations' specialized agency for information and communication technologies) explain that this is not the only resolution that qualifies as "2K," as that label is also often applied to resolutions of 1920 x 1080 pixels, for example.  *See, e.g.*, International Telecommunications Union, *HDTV and UHDTV including HRD-TV Test Materials for Assessment of Picture Quality*, https://www.itu.int/dms_pub/itu-r/opb/rep/R-REP-BT.2245-6-2019-PDF-E.pdf (2019).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1  advertising statements about certain cameras' "video resolutions" (that is, pixel counts) were false.
2  *Compare* ECF No. 1 at ¶ 79 (Count I); *id.* ¶¶ 86-87 (Count II); *id.* ¶ 98 (Count III); *id.* ¶ 108 (Count
3  IV); *id.* ¶ 120 (Count V), *with* FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III);
4  *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V).  Nor does the FAC add any allegations about the actual
5  *video* resolutions that the cameras are capable of recording.  There is no inspection of the sensor,
6  citation to a datasheet, or metadata provided.  In other words, although there are many ways to
7  readily ascertain information about the pixel counts that are core to Plaintiff's claims, none of that
8  information is provided in the allegations.  Rather, just like Plaintiffs' initial Complaint, it focuses
9  solely on something else—aspects of image quality irrelevant to the advertising claims.

10  Indeed, the only substantive change that the FAC made was to add a discussion of an analysis
11  that Plaintiffs' hired expert, Dr. Kenneth R. Castleman, supposedly performed of two eufy cameras'
12  "optical resolution," FAC ¶¶ 45-65—nothing about which plausibly alleges that Defendants'
13  statements regarding the cameras' "video resolution" were false.  Specifically, Plaintiffs allege that
14  Dr. Castleman performed an analysis of the cameras' "optical resolution" only by comparing it to
15  other cameras in two different ways:  First, he purportedly generated a "Modulation Transfer
16  Function (MTF)" for images recorded by the two eufy cameras, then comparing those MTFs to the
17  "best possible" MTF, as well as to MTFs for images recorded by other cameras including iPhones
18  and a Nikon.  *See* FAC ¶¶ 48-59.  Second, he performed a subjective comparison of images of
19  various size text taken by the two eufy cameras to images of the same text taken by an iPhone 12.
20  *See* FAC ¶¶ 60-65.  Neither analysis, however, attempts to show that actual number of pixels that
21  the cameras are capable of recording is anything other than as advertised.  *See* FAC ¶¶ 51, 65.  And
22  so they remain—just like the rest of Plaintiffs' allegations, which the FAC left unchanged—wholly
23  irrelevant here.

24  **III.   LEGAL STANDARD**

25  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient
26  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*
27  *Iqbal*, 556 U.S. 662, 678 (2009).  That means, that the complaint must, at a minimum "allege facts
28  sufficient to establish each element of each cause of action."  *Doe v. City of San Mateo*, 2008 WL

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

4774931, at *4 (N.D. Cal. 2008). Where a plaintiff fails to allege such facts, particularly when they are readily ascertainable and "offers no explanation why [she] cannot" do so, her claim must be dismissed. *Estell v. McHugh*, 2017 WL 1175589, at *10 (N.D. Cal. 2017). That said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). While a court must accept all material factual allegations as true, it is not required to accept as true any allegations that are contradicted by matters that are subject to judicial notice, that are exhibits to a complaint, or that are incorporated by reference in a complaint. *See, e.g.*, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).

What is more, where (as here) a complaint rests on a theory of false advertising, its allegations "are subject to the heightened pleading requirements of Rule 9(b)." *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1085 (S.D. Cal. 2020). That is true even if not all causes of action require a showing of fraud as "a necessary element of [the] claim," because Rule 9(b) applies to any claim that "sound[s] in fraud"—i.e., any claim where the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [the] claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Here, as demonstrated below, *see infra* p.5, every one of Plaintiffs' claims rests on the assertion that Defendants purportedly lied about their products' video resolutions, and so every one of those claims must state "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. That is, Plaintiffs "must set forth *more* than the neutral facts necessary to identify the transaction," and must plead facts showing "what is false or misleading about a statement, and why it is false." *Id.*

To survive a Rule 12(b)(1) motion to dismiss, "the party asserting federal subject matter jurisdiction [here, Plaintiffs] has the burden of proving the existence of federal jurisdiction." *Gomez v. Smith*, 2022 WL 117763, at *1 (N.D. Cal. 2022). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, Fantasia's jurisdictional challenge (for lack of Article III standing) is a facial one, so Plaintiffs must

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 5 -

Defendant Fantasia Trading LLC's
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

show that they have alleged facts that, if true, would show that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 906 (C.D. Cal. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

## IV.   LEGAL ARGUMENT

### A.   The FAC Must Be Dismissed In Its Entirety, Because It Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Resolutions.

Each of Plaintiffs' five causes of action rests on the assertion that Defendants' cameras did not, in fact, record "video resolution" at the advertised levels—*i.e.*, with the advertised number of pixels. FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). Plaintiffs, however plead no facts showing that the cameras' video resolutions were anything other than as advertised. And the new allegations they have added in their FAC—in response to Fantasia pointing out this same failure in Plaintiffs' original Complaint—fail to remedy that defect as they are irrelevant for multiple reasons. Accordingly, Plaintiffs' FAC must be dismissed for failure to state a claim.

#### 1.   Plaintiffs plead no facts alleging that Defendants' cameras were incapable of producing video with the advertised pixel counts.

Given the importance of the cameras' "video resolution" to each of Plaintiffs' claims, one would have expected Plaintiffs to include in their FAC some factual allegations supporting it. Specifically, one would have expected Plaintiffs to allege that the video recorded by Defendants' cameras, in fact, contained *X* pixels, which is less than the *Y* pixels that were advertised. After all, confirming video resolution is simple, requiring nothing more than a few mouse clicks.[4] If Plaintiffs did not want to rely only on the clear and simple metadata, they or their expert could have performed a basic analysis of the camera itself to determine its capability—they could have opened the camera,

---

[4] On Windows, one simply right clicks the video and clicks "Properties," then the resolution is displayed on the "Details" tab. https://www.guidingtech.com/check-video-resolution-windows-android. On Mac, one simply opens the video in the pre-installed QuickTime Player program and clicks "Command-I." https://support.apple.com/guide/quicktime-player/view-information-about-a-movie-file-qtp65619118c/mac.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1  looked at the sensor chip, pulled up the publicly available data sheet about it, and confirmed the
2  pixel resolution of which that sensor is capable. And so if the capability of Defendants' products
3  we truly less than advertised, it would have been trivial for Plaintiffs to determine the true video
4  resolutions/pixel counts of recorded images and to provide that information in their FAC.

Plaintiffs, however, conspicuously *avoid* making any such allegations. While they allege repeatedly that Defendants' claims about their products' video resolutions are "false," *see, e.g.*, FAC ¶¶ 1, 84, 94, Plaintiffs notably steer clear of making any plausible factual allegations in support of that bare assertion. Despite claiming to have collectively purchased two different models of Defendants' products, Plaintiffs do not make allegations about what they believe the actual *video* resolution (pixel count) of either of those products to be. Plaintiffs either did not check the resolution before filing their Complaint (and then again failed to do so before amending), which calls into question the reasonableness of their investigation, or, worse, they did so and opted to exclude what they saw from the FAC.

That failure is remarkable. This is not a situation where Plaintiffs are being forced to guess at facts that are unknowable without discovery. (Although as courts have noted, even that is "not [a] persuasive" excuse for failing to provide important factual allegations "following the United States Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1088 (N.D. Cal. 2018)). Instead, this is a case where the key fact—the actual video resolution of images recorded by Defendants' products—is readily determinable by Plaintiffs. Yet Plaintiffs conspicuously fail to allege that fact in their FAC, and "offer[] no explanation why [they] cannot identify" that fact. *Estell*, 2017 WL 1175589, at \*10 (dismissing claim under Rule 8 because plaintiff's complaint omitted basic facts, wholly within her knowledge). As such, Plaintiffs failed to plead "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1103. For this reason alone, Plaintiff's claims fail. *See id*.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

### 2. The FAC's new allegations regarding "optical resolution" do not concern the cameras' pixel counts and are thus irrelevant.

Fantasia pointed out Plaintiff's lack of allegations about the cameras' "video resolution" in its motion to dismiss Plaintiffs' original Complaint. *See* ECF No. 5-6. And the only substantive change that Plaintiffs made in their FAC in response was to add a discussion of analysis that Dr. Kenneth R. Castleman supposedly performed of two cameras' "optical resolution." *See* FAC ¶¶ 48-59 (claiming to analyze the "optical resolution" of images from various cameras by comparing "Modulation Transfer Function[s] ('MTF')"); *id.* at ¶¶ 60-65 (claiming to assess cameras' "optical resolutions" by examining the "readability" of text in images they captured). But those new allegations do nothing to solve Plaintiffs' problem, as none of them purports to show *anything* about the "video resolution" (i.e. pixel count)—the subject of Plaintiffs' legal claims and Defendants' advertising statements.

Instead, Dr. Castleman's analysis is nothing more than an opinion that the overall video quality of two of Defendants' home security cameras is worse than the overall video quality of some other cameras (e.g., the iPhone 12), in particular for reading text at a distance—for reasons that have nothing to do with video resolution of pixel count. Dr. Castleman, in other words, has merely opined that he believes Defendants' cameras to take images of poor quality in certain respects, which can have myriad causes from lenses to compression algorithms to color composition—not that any of the advertising statements at issue here was false. The FAC's allegations regarding Dr. Castleman's analysis thus do nothing to support Plaintiffs' false advertising claims.

Plaintiffs attempt to mislead by describing Dr. Castleman's opinions as relating to the cameras' "optical resolution"—a term that sounds similar to, but means something very different from, the "video resolution" (i.e. pixel count) that is the subject of the advertising statements at issue here, *see* FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). As an initial matter, the two terms are different on their face (even if similar sounding), so one does not constitute a plausible factual allegation of the other. And the fact that Plaintiffs cannot bring themselves to make any allegations about the cameras' actual *video* resolution speaks volumes—and is alone is reason to dismiss their claims. What is more, Plaintiffs' use of the

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 8 -

Defendant Fantasia Trading LLC's
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

term "optical resolution" is nothing but a sleight of hand, as that term refers to a concept that is simply distinct from the "video resolution" at issue here. "Optical resolution," refers to "how small an object can be seen and accurately identified." *Students Against Genocide (SAGE)*, 1998 WL 699074, at *7. "[V]ideo resolution," by contrast, refers—as Plaintiffs themselves admit—to the number of pixels in an image. *See, e.g.*, FAC ¶ 17. There is, accordingly, a key disconnect between the subject of Plaintiffs' factual allegations (the cameras' "optical resolution") and the subject of the challenged advertising statements (the cameras' "video resolution"). As a result, every one of Plaintiffs' allegations concerning the cameras' "optical resolution," *see* FAC ¶¶ 45-65, is simply irrelevant—as none can or does plausibly plead that the cameras' "video resolutions" (that is, the pixel counts) were other than as advertised.

Plaintiffs attempt to blur this distinction by occasionally describing "optical resolution" in terms of "[e]stimated" pixel counts. *See* FAC ¶ 65; *see also id.* at 63. To do this, Plaintiffs compare images of text taken by two cameras (the iPhone 12 and a eufy camera) with supposedly different optical resolutions. Then, based on their own subjective estimate that the iPhone 12's camera has a "44%" better optical resolution (based on the font size of the text that those images allow Plaintiffs to read), they insinuate that it must also have a 44% higher pixel count. FAC ¶¶ 63-65. But that is no different than saying—implausibly—that because a photo taken by a still camera allows a viewer to read smaller text than a (blurry) photo taken by a moving camera, the latter camera must have fewer pixels than the former. Or that because a camera whose lens is focused far away provides greater clarity for (small) distant objects than a camera whose lens is focused close up, the former camera must use more pixels. Plaintiffs' argument, in other words, is nothing but the same sleight of hand that attempts to hide—rather than engage with—the distinction between optical resolution and video resolution.

### 3. Plaintiffs' reliance of "optical resolution" is contradicted by the sources upon which their own FAC relies.

In fact, Plaintiffs' own argument is refuted by one of the sources (Boxcast, *cited at* FAC ¶¶ 17, 19, nn. 2, 4) that they themselves cite. As that source explains: the "belief [] that more pixels means a higher-quality picture for viewers"—or, conversely, that lower picture quality means fewer

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 9 -

Defendant Fantasia Trading LLC's
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

pixels—"isn't necessarily true." *4K Live Streaming—The Right Questions to Ask*, Boxcast, https://www.boxcast.com/blog/4k-live-streaming-the-right-questions-to-ask. In fact, "[o]ther factors [aside from video resolution] are much more important in determining overall picture quality." *How Many Megapixels Do You REALLY Need?*, Photo Review, https://www.photoreview.com.au/tips/buying/how-many-megapixels-do-you-really-need. Those factors include things like camera movement, focus, lighting conditions, depth of field, focal length, lens characteristics, as well as internet speed and where a video is paused to capture a still. *See id.* As a result, one cannot simply infer that because *some* aspect of image quality differs across two cameras that it must be due to a difference in pixel count.

Indeed, the FAC's own factual allegations indicate that any difference in optical resolution *is not* due to a difference in the cameras' video resolution. According to the FAC, worse optical resolution is "often due" either "to the signal processing algorithms" or "to the inherent characteristics of the imaging sensor and lens." FAC ¶ 56 ("This often occurs due to limitations in the imaging system's ability to resolve fine details, or due to signal processing algorithms."). The FAC then goes on to allege that here it is "due undoubtedly" to the "processing" algorithms used by eufy's software. FAC ¶ 59; *see also id.* ¶ 64 (alleging that "artifacts introduced by the extreme edge enhancement processing distort the text badly"). In other words, on Plaintiffs' own theory, any supposed inferiority in the eufy cameras' optical resolution is due to image processing algorithms—and not due to any difference in pixel count/video resolution. And while Plaintiffs may prefer that their cameras used other image processing algorithms, or even none at all, that is not the same as showing that Defendants' statements about their cameras' pixel counts were false.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 10 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

### 4. The remainder of the FAC's allegations are irrelevant for similar reasons.

As for the rest of the allegations in Plaintiffs' FAC (which are materially identical to the ones they previously advanced in their original Complaint), they fall victim to the exact same logical implausibility. Specifically, Plaintiffs suggest that because they were "disappointed in the image quality" of the products they purchased, that must mean that the cameras had a "significantly lower … video resolution" than advertised. FAC ¶¶ 1, 73, 78. In support of that theory, Plaintiffs attach the following two images, which they claim were taken by a S300 eufyCam 3C camera (the "Test Eufy Camera" in the graphic below) and an unspecified "true 4K video camera." FAC ¶ 66.



According to Plaintiffs, the image on the left is "noticeably inferior" to the one on the right, which Plaintiffs insinuate means that the camera on the left has inferior resolution. FAC ¶ 67. But once again, that runs afoul of the source that they themselves rely on, which admonishes that one cannot simply assume that a "higher-quality picture for viewers" was necessarily the result of "more pixels," or that a lower-quality picture means fewer pixels. *4K Live Streaming—The Right Questions to Ask*, Boxcast, https://www.boxcast.com/blog/4k-live-streaming-the-right-questions-to-ask; *see also* FAC ¶¶ 17, 19, nn. 2, 4 (citing Boxcast). Plaintiffs' theory, in other words, rests squarely on the fallacy that their own source cautions against.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

\* \* \*

That is all to say, had Plaintiffs truly purchased camera products with resolutions less than advertised, it would have been easy for Plaintiffs to allege as much directly. Indeed, all they would have had to do is provide the resolution of the video recorded by their devices (which would have been obtained in a matter of seconds). Or taken a look at the sensor. Or pulled up a data sheet. And they have now had two chances to do so. Instead, however, Plaintiffs resort to increasingly elaborate, roundabout, and ultimately misleading allegations that solely concern features of an image ***other than*** video resolution. This is plainly not enough to survive Rule 8. And it certainly falls well short of Rule 9(b)'s requirement that the FAC plead specific facts showing "why [the advertised resolution] is false." *Vess*, 317 F.3d at 1106.

Because Plaintiffs have now twice failed to address this basic defect—which they could have done by simply including an allegation about the cameras' actual video resolution if it supported their case (which can be easily determined with only a few mouse clicks)—there is no reason to expect a different result if Plaintiffs are given yet another bite at the apple. Plaintiff's FAC should be dismissed in its entirety, without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (leave to amend may be denied where "amendment would be futile").

### B. In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300.

Separate and apart from Plaintiffs' failure to plead facts showing that Defendants' products lack the advertised resolution, Plaintiffs' FAC must be dismissed as to all products other than the S300. That is so for two reasons. First, although Plaintiffs' false advertising claims are based on representations regarding thirteen separate products, *see* FAC ¶ 22, Plaintiffs FAC includes allegations—irrelevant allegations, for the reasons described above—about only two (the S300 and the E340), *see* FAC ¶¶ 45-65. Because Plaintiffs have not even attempted to allege *anything* about the other eleven products, much less that their resolutions were less than advertised, Plaintiffs' cannot maintain a claim for false advertising as to those products.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

Second, Plaintiffs admit that they only purchased two of the products they challenge here (the S300 and the Video Doorbell Dual Camera with HomeBase). FAC ¶¶ 71-72, 76-77. But as courts have explained: "A plaintiff who is falsely led to buy a product may claim injury resulting from *that* purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise)." *Lorentzen*, 532 F. Supp. 3d at 909. Because a plaintiff "d[oes] not suffer any injury—economic or otherwise—related to" products that she has never purchased, she therefore "lacks standing to assert" claims based on such products. *Id.* Here, that means that Plaintiffs have standing to maintain claims only based on the S300 and the Video Doorbell Dual Camera with HomeBase. Thus the only camera that Plaintiffs have standing to challenge—and which they made any allegations at all in their FAC—is the S300. Accordingly, in all events, Plaintiffs' claims must be dismissed as to statements relating to all other products.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' FAC in its entirety for failure to state a claim, and for lack of standing to the extent it seeks to assert claims based on products Plaintiffs themselves did not purchase.

DATED: January 26, 2024

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Diana M. Rutowski*
          DIANA M. RUTOWSKI

Attorneys for Defendant
FANTASIA TRADING LLC

- 13 -

DEFENDANT FANTASIA TRADING LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY