DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614-7400
Facsimile:     +1 650 614-7401

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA  90071-1596
Telephone:    +1 213 629-2020
Facsimile:     +1 213 612-2499

Attorneys for Defendant Power Mobile Life, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN and JYOTINDRA SHAKYA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC; ANKER INNOVATIONS TECHNOLOGY CO., LTD.; POWER MOBILE LIFE, LLC,<br><br>Defendants. | Case No. 3:23-cv-03925-JD<br><br>**DEFENDANT POWER MOBILE LIFE, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM, AND LACK OF STANDING**<br><br>Date:    March 21, 2024<br>Time:    10:00 a.m.<br><br>Judge:    Hon. James Donato<br>Location:  Courtroom 11, 19th Floor |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1 | **NOTICE OF MOTION AND MOTION TO DISMISS**

2 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3 |     PLEASE TAKE NOTICE that on March 21, 2024, at 10:00 a.m., or as soon thereafter as

4 | available, in the courtroom of the Honorable James Donato, located at 450 Golden Gate Avenue,

5 | Courtroom 11, 19th Floor, San Francisco, California 94102, Defendant Power Mobile Life, LLC, will

6 | and hereby does move to dismiss Plaintiffs' First Amended Class Action Complaint pursuant to

7 | Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  This Motion is based on this Notice

8 | of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file

9 | in this action, any other such matters of which the Court may take judicial notice, and any other matter

10 | that the Court may properly consider.

11 |     Power Mobile Life, LLC seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(2)

12 | dismissing the First Amended Class Action Complaint for lack of personal jurisdiction, or in the

13 | alternative pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the First Amended Class

14 | Action Complaint for failure to state a claim upon which relief can be granted, or in the alternative

15 | pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing certain claims for lack of subject

16 | matter jurisdiction, specifically lack of Article III standing.

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 1 -

Defendant Power Mobile Life, LLC's
Notice of Motion and Motion To Dismiss
Case No. 3:23-cv-03925-JD

# TABLE OF CONTENTS

Page

I.    STATEMENT OF ISSUES TO BE DECIDED ...................................................2

II.   SUMMARY OF RELEVANT FACTS .............................................................2

III.  LEGAL STANDARD...................................................................................4

IV.   LEGAL ARGUMENT..................................................................................6

    A.    The FAC Must Be Dismissed As To Power Mobile For Lack Of Personal Jurisdiction. ..................................................................................6

        1.    This Court lacks general jurisdiction over Power Mobile. ..............................6

        2.    This Court lacks specific jurisdiction over Power Mobile................................7

    B.    The FAC Must Be Dismissed In Its Entirety, Because It Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Resolutions. .................8

        1.    Plaintiffs plead no facts alleging that Defendants' cameras were incapable of producing video with the advertised pixel counts.............................9

        2.    The FAC's new allegations regarding "optical resolution" do not concern the cameras' pixel counts and are thus irrelevant. ...................................10

        3.    Plaintiffs' reliance of "optical resolution" is contradicted by the sources upon which their own FAC relies. ..........................................................12

        4.    The remainder of the FAC's allegations are irrelevant for similar reasons. ... 13

    C.    In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300. ..................................................................................14

V.    CONCLUSION..........................................................................................15

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

TABLE OF CONTENTS
CASE NO. 3:23-CV-03925-JD

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

4

**Cases**

5

*Adobe Sys. Inc. v Blue Source Grp., Inc.,*
   125 F. Supp. 3d 945 (N.D. Cal. 2015) .................................................................................. 8

6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................................... 5, 10

7

8

*Austin v. Budget Rental Car, Inc.,*
   2020 WL 8614183 (N.D. Cal. 2020) .................................................................................... 8

9

*In re Boon Glob. Ltd.,*
   923 F.3d 643 (9th Cir. 2019) ..................................................................................... 1, 5, 7, 8

10

11

*Briskin v. Shopify Inc.,*
   2022 WL 1427324 (N.D. Cal. 2022) ............................................................................ 1, 5, 8

12

*Caces-Tiamson v. Equifax,*
   2020 WL 1322889 (N.D. Cal. 2020) .................................................................................... 7

13

14

*Calder v. Jones,*
   465 U.S. 783 (1984) ......................................................................................................... 5, 7

15

*Cervantes v. Countrywide Home Loans, Inc.,*
   656 F.3d 1034 (9th Cir. 2011) ............................................................................................ 14

16

17

*Doe v. City of San Mateo,*
   2008 WL 4774931 (N.D. Cal. 2008) .................................................................................... 5

18

*Eclipse Grp. LLP v. Target Corp.,*
   2016 WL 8395077 (S.D. Cal. 2016).  .................................................................................. 4

19

20

*Estell v. McHugh,*
   2017 WL 1175589 (N.D. Cal. 2017) ............................................................................... 5, 10

21

*Gomez v. Smith,*
   2022 WL 117763 (N.D. Cal. 2022) ...................................................................................... 6

22

23

*Gonzales v. Uber Technologies, Inc.,*
   305 F. Supp. 3d 1078 (N.D. Cal. 2018) .............................................................................. 10

24

*Gonzalez v. Planned Parenthood of Los Angeles,*
   759 F.3d 1112 (9th Cir. 2014) .............................................................................................. 5

25

26

*In re Outlaw Laboratories, LLP,*
   463 F. Supp. 3d 1068 (S.D. Cal. 2020)................................................................................. 5

27

*Leite v. Crane Co.,*
   749 F.3d 1117 (9th Cir. 2014) .............................................................................................. 5

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lorentzen v. Kroger Co.*,
　532 F. Supp. 3d 901 (C.D. Cal. 2021) ............................................................ 6, 15

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
　647 F.3d 1218 (9th Cir. 2011) ............................................................................ 7

*Park v. Cole Haan, LLC*,
　2018 WL 3438693 (S.D. Cal. 2018) ................................................................... 4

*Ranza v. Nike, Inc.*,
　793 F.3d 1059 (9th Cir. 2015) ............................................................................ 6

*Safe Air for Everyone v. Meyer*,
　373 F.3d 1035 (9th Cir. 2004) ............................................................................ 6

*Soman v. Alameda Health Systems*,
　2018 WL 6308185 (N.D. Cal. 2018) ................................................................... 3

*Students Against Genocide (SAGE) v. Dep't of State*,
　1998 WL 699074 (D.D.C. 1998) ....................................................................... 11

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ........................................................... 5, 6, 10, 14

*Woolfson v. Conn Appliances, Inc.*,
　2022 WL 888442 (N.D. Cal. 2022) .................................................................. 6, 7

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

1    Plaintiffs initially filed this lawsuit against Defendant Fantasia Trading, LLC ("Fantasia")

2    and a now-dissolved entity.  Fantasia moved to dismiss that complaint and instead of opposing,

3    Plaintiffs filed a First Amended Complaint ("FAC") that removed the dissolved entity and sought to

4    add two new defendants.  The first new defendant was a Chinese entity that Plaintiffs have since

5    dismissed.  ECF No. 44.  This second new defendant is Power Mobile Life, LLC ("Power Mobile"),

6    a Washington entity.  Because the FAC was served on Fantasia and Power Mobile on different dates,

7    Fantasia has already filed its own motion to dismiss the FAC, ECF No. 43, which remains pending;

8    this motion to dismiss is solely on behalf of Power Mobile.[1]  As detailed herein, the FAC fails to

9    establish personal jurisdiction over Power Mobile.  In addition, the FAC should also be dismissed

10    for the reasons set forth in Fantasia's pending motion.

11    The FAC's **only allegation** specific to Power Mobile is that it "is a limited liability company

12    existing under the laws of the State of Washington, [with] its principal place of business in Bellevue,

13    Washington," FAC ¶ 9.  That is no basis for jurisdiction in California.  The remainder of Plaintiffs'

14    allegations are about "Defendants" collectively, which fail to plead facts establishing that Power

15    Mobile, specifically, is subject to personal jurisdiction as required under Ninth Circuit authority.  To

16    establish personal jurisdiction, due process requires "an individualized jurisdictional analysis for

17    each defendant," in which "each party's contacts with the forum state must be assessed individually."

18    *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019). The FAC, however, pleads no facts

19    allowing such an individualized inquiry to be performed as to Power Mobile's contacts with

20    California.  The allegations about "Defendants" collectively do not distinguish between the three

21    legally separate companies that the FAC names as Defendants (one of which has been dismissed),

22    are insufficient to allow for the individualized personal-jurisdiction inquiry that due process

23    demands.  *See, e.g.*, *Briskin v. Shopify Inc.*, 2022 WL 1427324, at *3 (N.D. Cal. 2022), *aff'd*, 87

24    F.4th 404 (9th Cir. 2023) ("[A] complaint that lumps multiple defendants together in broad

25    allegations falls short.").  Accordingly, the FAC must be dismissed at to Power Mobile.

26

27    ───────────────

[1] Although Plaintiffs would not agree to align Fantasia's and Power Mobile's deadlines to respond
28    to the FAC, Defendants are hopeful that if this case proceeds, Plaintiffs will be willing to work more
cooperatively to reduce the need for separate briefing.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY                                                  - 1 -                          DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1    Plaintiffs' First Amended Complaint, ECF No. 30 ("FAC"), also fails for the reasons detailed

2    in Fantasia's motion.  Specifically, the FAC asserts that Fantasia, Anker Innovations Technology

3    Co., Ltd. (now dismissed from the lawsuit), and Power Mobile falsely claimed that thirteen of their

4    cameras were capable of producing video resolutions of "1080p," "2K," or "4K" (which, according

5    to the sources cited in Plaintiffs' FAC, means that each frame of those videos has, respectively,

6    2,073,600; 3,686,400; or 8,294,400 pixels). *See* FAC ¶¶ 17–19, nn. 2–4. However, the FAC fails to

7    allege facts plausibly showing that any of those statements was actually false. Additionally, although

8    the FAC purports to target *thirteen* separate devices, it makes allegations only about *two* of them—

9    only one of which (the S300 EufyCam 3C) was actually purchased by Plaintiffs—meaning that the

10   FAC must be dismissed as to all devices other than the S300.[2]

11   ## I.    STATEMENT OF ISSUES TO BE DECIDED

12   Power Mobile seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(2) dismissing

13   it for lack of personal jurisdiction, an order pursuant to Federal Rule of Civil Procedure 12(b)(6)

14   dismissing the suit for failure to state a claim, and an order pursuant to Federal Rule of Civil

15   Procedure 12(b)(1) dismissing certain claims for lack of standing.

16   ## II.    SUMMARY OF RELEVANT FACTS[3]

17   The only fact that the FAC pleads as to Power Mobile specifically is that it is "a limited

18   liability company existing under the laws of the State of Washington, [with] its principal place of

19   business in Bellevue, Washington."  FAC ¶ 9.  All other facts are pleaded as to "Defendants"

20   collectively—a group that includes Fantasia (who has already filed a motion to dismiss, *see* ECF

21   No. 43); and Anker Innovations Technology Co., Ltd. (who has been voluntarily dismissed from this

22   lawsuit, *see* ECF No. 44); along with Power Mobile.

23

---

[2] These defects with the FAC are briefed in Fantasia's Motion, ECF No. 43.  This Motion (brought
solely on behalf of Power Mobile) repeats those same arguments for completeness.  But, in order to
facilitate efficient reading, this Motion also uses footnotes to flag the sections of this brief that are
materially identical to sections in Fantasia's brief.

[3] This Summary of Relevant Facts is substantively identical to the one in Fantasia's Motion to
Dismiss.  *See* ECF No. 43 § II.  The only additional fact relevant to Power Mobile—indeed, the only
fact that the FAC alleges as to Power Mobile specifically, is that is that it "is a limited liability
company existing under the laws of the State of Washington, [with] its principal place of business
in Bellevue, Washington." FAC ¶ 9.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

As to "Defendants" collectively, the Complaint claims that "Defendants" are responsible for manufacturing and selling "eufy" branded security cameras.  *See, e.g.*, FAC. ¶ 1.  Plaintiffs allege that thirteen products bearing the eufy brand are advertised as offering a "video resolution" of either "4K," "2K," or "1080p."  FAC ¶¶ 17-19, 22.  As explained by the sources incorporated by reference in Plaintiffs' FAC, those labels refer to the number of pixels in images that the cameras are capable of recording.  For instance, "4K refers to a video resolution of 3,840 x 2,160 pixels."  *What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, cited at FAC ¶¶ 17, 19, nn.2, 4; *see also* FAC ¶ 24 (alleging that Defendants' advertisements "describe[] 4K as 'detailed' video with more than '8 million pixels'"); *id.* ¶ 26 (alleging that Defendants represent that "'4K' video resolution," means "video images consisting of '8 million pixels'").[4]  The "2K" label, according to Plaintiffs, means that the "cameras provide a high resolution picture of 2560x1440" pixels.  *2K vs 4K Security Cameras and Systems*, CCTV Camera World, https://www.cctvcameraworld.com/2k-vs-4k-security-cameras-systems, cited at FAC ¶ 18, n.3.[5]  And the "1080p" label, they say, refers to a video that is "made up of 1,920 x 1,080 pixels."  *What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, *cited at* FAC ¶¶ 17, 19, nn.2, 4.

Plaintiffs Thanh Tran and Jyotindra Shakya are two individuals who each claim to have purchased a specific eufy branded product—the Video Doorbell Dual Camera with HomeBase and the S300 eufyCam, respectively.  FAC ¶¶ 71-72, 76-77.  According to Plaintiffs, the first of those products was advertised as having "2K" resolution, while the second was advertised as having "4K" resolution.  *Id.*  Plaintiffs claim that, after purchasing those products, they were "disappointed in the image quality they produced."  FAC ¶¶ 73, 78.

---

[4] Because these sources are cited in the FAC, they are incorporated by reference into it, and thus may be considered on a motion to dismiss under Rule 12(b)(6).  *See Soman v. Alameda Health Sys.*, 2018 WL 6308185, at *2 (N.D. Cal. 2018) (Donato, J.).

[5] Though not relied on for purposes of this motion, other authorities, however, including the International Telecommunications Union (the United Nations' specialized agency for information and communication technologies) explain that this is not the only resolution that qualifies as "2K," as that label is also often applied to resolutions of 1920 x 1080 pixels, for example. *See, e.g.*, International Telecommunications Union*, HDTV and UHDTV including HRD-TV Test Materials for Assessment of Picture Quality*, https://www.itu.int/dms_pub/itu-r/opb/rep/R-REP-BT.2245-6-2019-PDF-E.pdf (2019).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

The FAC rests solely on theories that "Defendants'" advertising statements about certain cameras' "video resolutions" (that is, pixel counts) were false. FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). But the FAC does not include any allegations about the actual video resolutions that the cameras are capable of recording. There is no inspection of the sensor, citation to a datasheet, or metadata provided. In other words, although there are many ways to readily ascertain information about the pixel counts that are core to Plaintiff's claims, none of that information is provided in the allegations. Rather, the FAC focuses solely on something else—aspects of image quality irrelevant to the advertising claims.

In particular, the FAC describes an analysis that Plaintiffs' hired expert, Dr. Kenneth R. Castleman, supposedly performed of two eufy cameras' "optical resolution," FAC ¶¶ 45-65—nothing about which plausibly alleges that Defendants' statements regarding the cameras' "video resolution" were false. Specifically, Plaintiffs allege that Dr. Castleman performed an analysis of the cameras' "optical resolution" only by comparing it to other cameras in two different ways: First, he purportedly generated a "Modulation Transfer Function (MTF)" for images recorded by the two eufy cameras, then comparing those MTFs to the "best possible" MTF, as well as to MTFs for images recorded by other cameras including iPhones and a Nikon. *See* FAC ¶¶ 48-59. Second, he performed a subjective comparison of images of various size text taken by the two eufy cameras to images of the same text taken by an iPhone 12. *See* FAC ¶¶ 60-65. Neither analysis, however, attempts to show that actual number of pixels that the cameras are capable of recording is anything other than as advertised. *See* FAC ¶¶ 51, 65. And so they remain—just like the rest of Plaintiffs' allegations—wholly irrelevant here.

## III.    LEGAL STANDARD

"[A] Rule 12(b)(2) challenge to personal jurisdiction may attack the legal theory supporting jurisdiction based on the facts as pleaded (a facial attack) or the facts themselves (a factual attack)." *Eclipse Grp. LLP v. Target Corp.*, 2016 WL 8395077, at *7 (S.D. Cal. 2016). Where, as here, a defendant brings a facial attack, "it challenges the sufficiency of the allegations to establish jurisdiction." *Park v. Cole Haan, LLC*, 2018 WL 3438693, at *2 (S.D. Cal. 2018). Specifically, a facial challenge is resolved by "accepting the plaintiff's allegations as true and drawing all

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

reasonable inferences in the plaintiff's favor," and then asking "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). To survive such a challenge, the plaintiff must, as relevant here, allege facts "show[ing] each defendant's sufficient, direct contacts with the forum state." *In re Boon Glob. Ltd.*, 923 F.3d at 650. That is because, "each party's 'contacts with the forum [s]tate must be assessed individually.'" *Id.* (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Accordingly, "a complaint that lumps multiple defendants together in broad allegations falls short." *Briskin*, 2022 WL 1427324, at *3.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That means, that the complaint must, at a minimum "allege facts sufficient to establish each element of each cause of action." *Doe v. City of San Mateo*, 2008 WL 4774931, at *4 (N.D. Cal. 2008). Where a plaintiff fails to allege such facts, particularly when they are readily ascertainable and "offers no explanation why [she] cannot" do so, her claim must be dismissed. *Estell v. McHugh*, 2017 WL 1175589, at *10 (N.D. Cal. 2017). That said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). While a court must accept all material factual allegations as true, it is not required to accept as true any allegations that are contradicted by matters that are subject to judicial notice, that are exhibits to a complaint, or that are incorporated by reference in a complaint. *See, e.g.*, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).

What is more, where (as here) a complaint rests on a theory of false advertising, its allegations "are subject to the heightened pleading requirements of Rule 9(b)." *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1085 (S.D. Cal. 2020). That is true even if not all causes of action require a showing of fraud as "a necessary element of [the] claim," because Rule 9(b) applies to any claim that "sound[s] in fraud"—i.e., any claim where the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [the] claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Here, as demonstrated below, *see infra* p.8, every one of Plaintiffs' claims rests on the assertion that Defendants purportedly lied about

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

their products' video resolutions, and so every one of those claims must state "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. That is, Plaintiffs "must set forth more than the neutral facts necessary to identify the transaction," and must plead facts showing "what is false or misleading about a statement, and why it is false." *Id.*

To survive a Rule 12(b)(1) motion to dismiss, "the party asserting federal subject matter jurisdiction [here, Plaintiffs] has the burden of proving the existence of federal jurisdiction." *Gomez v. Smith*, 2022 WL 117763, at *1 (N.D. Cal. 2022). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, Power Mobile's jurisdictional challenge (for lack of Article III standing) is a facial one, so Plaintiffs must show that they have alleged facts that, if true, would show that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 906 (C.D. Cal. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

## IV.    LEGAL ARGUMENT

### A.    The FAC Must Be Dismissed As To Power Mobile For Lack Of Personal Jurisdiction.

Where, as here, a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). A plaintiff can carry that burden by establishing either general or specific jurisdiction. *Id.* Here, Plaintiffs have done neither.

#### 1.    This Court lacks general jurisdiction over Power Mobile.

A corporation is subject to general jurisdiction in California only if it is incorporated in California, if its principal place of business is in California, or if its contacts with California are so "exceptional" as "to approximate physical presence" in California. *Woolfson v. Conn Appliances, Inc.*, 2022 WL 888442, at *2 (N.D. Cal. 2022). None of those bases applies here. As the FAC

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

concedes, Power Mobile's place of incorporation and principal place of business are both in Washington, not California. FAC ¶ 9. So California is neither of the two "paradigm fora for general jurisdiction" over Power Mobile. *Woolfson*, 2022 WL 888442, at *2. And the FAC does not allege that Power Mobile has "exceptional" contacts with California. Indeed, the FAC does not allege that Power Mobile has any contacts—even basic ones—with this state, such as having "offices or staff in California," being "registered to do business in the state," having a "registered agent for service of process" in California, or paying "state [income] taxes" in California. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011) (finding no general jurisdiction over company lacking contacts). Because the FAC fails to allege that Power Mobile has *any* contacts with California—much less exceptional contacts—this Court lacks general jurisdiction over Power Mobile.

### 2. This Court lacks specific jurisdiction over Power Mobile.

Specific jurisdiction exists only where the complaint alleges facts showing (1) the defendant "purposefully direct[s] his activities" toward the state or its residents; and (2) the claim before the court "arises out of or relates to the defendant's forum-related activities." *Caces-Tiamson v. Equifax*, 2020 WL 1322889, at *3 (N.D. Cal. 2020). Importantly, however, "each party's 'contacts with the forum [s]tate must be assessed individually.'" *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)). It is thus error to "not conduct[] an individualized jurisdictional analysis for each" defendant. *Id.*

The FAC, however, does not even attempt to plead facts showing that Power Mobile—individually—purposefully directed activities at California that gave rise to Plaintiffs' claims. Indeed, the FAC does not identify any relevant act undertaken by Powe Mobile individually at all—much less one purposefully directed at California that gave rise to Plaintiffs' claims. Instead, the FAC pleads *every* substantive allegation (that is, every allegation other than the two perfunctory allegations laying out each defendant's place of incorporation and principle place of business, *see* FAC ¶¶ 8-9), as to "Defendants" generally, or to "Anker," a term that the FAC confusingly uses to mean both Anker Innovations Technology Co., Ltd. and all Defendants (though typically without

specifying which meaning is intended in any particular instance), *compare* FAC at 1 (defining "Anker" to refer to "Defendants" "collectively") *with* FAC ¶ 9 (defining "Anker" to refer to "Defendant Anker Innovations Technology Co., Ltd.").

That is plainly insufficient. Rule 8 requires a plaintiff to "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Adobe Sys. Inc. v Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). That manes that "[w]hen defendants are separate corporate entities[] and perform separate roles," pleading as to defendants as a collective generally "is insufficient." *Austin v. Budget Rental Car, Inc.*, 2020 WL 8614183, at *2 (N.D. Cal. 2020). The importance of this rule is especially heightened in the jurisdictional context, where (as noted above) due process requires that "each party's 'contacts with the forum [s]tate must be assessed individually.'" *In re Boon Glob. Ltd.*, 923 F.3d at 651.

Indeed, Plaintiff's counsel here was recently admonished of exactly this by another judge in this District, who dismissed another of his cases for exactly this same problem. *See, e.g.*, *Briskin v. Shopify Inc.*, 2022 WL 1427324, at *3 (N.D. Cal. 2022), *aff'd*, 87 F.4th 404 (9th Cir. 2023) ("[A] complaint that lumps multiple defendants together in broad allegations falls short."). Nevertheless, Plaintiff's counsel stubbornly repeats that same error here. Accordingly, the same result as in *Briskin* must obtain: Because the FAC does not allege facts showing that Power Mobile, specifically, took any acts purposefully directed at California which gave rise to this lawsuit, the FAC must be dismissed as to Power Mobile for lack of personal jurisdiction.

**B.    The FAC Must Be Dismissed In Its Entirety, Because It Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Resolutions.[6]**

Each of Plaintiffs' five causes of action rests on the assertion that Defendants' cameras did not, in fact, record "video resolution" at the advertised levels—i.e., with the advertised number of pixels. FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). Plaintiffs, however plead no facts showing that the cameras' video resolutions were anything other than as advertised. And the new allegations they have added in their FAC—in response to Fantasia pointing out this same failure in Plaintiffs' original Complaint—fail to remedy

---

[6] This section is substantively identical to Section IV.A of Fantasia's Motion to Dismiss.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

that defect as they are irrelevant for multiple reasons. Accordingly, Plaintiffs' FAC must be dismissed for failure to state a claim.

### 1. Plaintiffs plead no facts alleging that Defendants' cameras were incapable of producing video with the advertised pixel counts.

Given the importance of the cameras' "video resolution" to each of Plaintiffs' claims, one would have expected Plaintiffs to include in their FAC some factual allegations supporting it. Specifically, one would have expected Plaintiffs to allege that the video recorded by Defendants' cameras, in fact, contained $X$ pixels, which is less than the $Y$ pixels that were advertised. After all, confirming video resolution is simple, requiring nothing more than a few mouse clicks.[7] If Plaintiffs did not want to rely only on the clear and simple metadata, they or their expert could have performed a basic analysis of the camera itself to determine its capability—they could have opened the camera, looked at the sensor chip, pulled up the publicly available data sheet about it, and confirmed the pixel resolution of which that sensor is capable. And so if the capability of Defendants' products we truly less than advertised, it would have been trivial for Plaintiffs to determine the true video resolutions/pixel counts of recorded images and to provide that information in their FAC.

Plaintiffs, however, conspicuously avoid making any such allegations. While they allege repeatedly that Defendants' claims about their products' video resolutions are "false," *see, e.g.*, FAC ¶¶ 1, 84, 94, Plaintiffs notably steer clear of making any plausible factual allegations in support of that bare assertion. Despite claiming to have collectively purchased two different models of Defendants' products, Plaintiffs do not make allegations about what they believe the actual video resolution (pixel count) of either of those products to be. Plaintiffs either did not check the resolution before filing their Complaint (and then again failed to do so before amending), which calls into question the reasonableness of their investigation, or, worse, they did so and opted to exclude what they saw from the FAC.

---

[7] On Windows, one simply right clicks the video and clicks "Properties," then the resolution is displayed on the "Details" tab. https://www.guidingtech.com/check-video-resolution-windows-android. On Mac, one simply opens the video in the pre-installed QuickTime Player program and clicks "Command-I." https://support.apple.com/guide/quicktime-player/view-information-about-a-movie-file-qtp65619118c/mac

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

That failure is remarkable. This is not a situation where Plaintiffs are being forced to guess at facts that are unknowable without discovery. (Although as courts have noted, even that is "not [a] persuasive" excuse for failing to provide important factual allegations "following the United States Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1088 (N.D. Cal. 2018)). Instead, this is a case where the key fact—the actual video resolution of images recorded by Defendants' products—is readily determinable by Plaintiffs. Yet Plaintiffs conspicuously fail to allege that fact in their FAC, and "offer[] no explanation why [they] cannot identify" that fact. *Estell*, 2017 WL 1175589, at *10 (dismissing claim under Rule 8 because plaintiff's complaint omitted basic facts, wholly within her knowledge). As such, Plaintiffs failed to plead "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1103. For this reason alone, Plaintiff's claims fail. *See id.*

### 2. The FAC's new allegations regarding "optical resolution" do not concern the cameras' pixel counts and are thus irrelevant.

Fantasia pointed out Plaintiff's lack of allegations about the cameras' "video resolution" in its motion to dismiss Plaintiffs' original Complaint. *See* ECF No. 26 at 5-6. And the only substantive change that Plaintiffs made in their FAC in response was to add a discussion of analysis that Dr. Kenneth R. Castleman supposedly performed of two cameras' "optical resolution." *See* FAC ¶¶ 48-59 (claiming to analyze the "optical resolution" of images from various cameras by comparing "Modulation Transfer Function[s] ('MTF')"); *id.* at ¶¶ 60-65 (claiming to assess cameras' "optical resolutions" by examining the "readability" of text in images they captured). But those new allegations do nothing to solve Plaintiffs' problem, as none of them purports to show anything about the "video resolution" (i.e. pixel count)—the subject of Plaintiffs' legal claims and Defendants' advertising statements.

Instead, Dr. Castleman's analysis is nothing more than an opinion that the overall video quality of two of Defendants' home security cameras is worse than the overall video quality of some other cameras (e.g., the iPhone 12), in particular for reading text at a distance—for reasons that have nothing to do with video resolution of pixel count. Dr. Castleman, in other words, has merely opined

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

that he believes Defendants' cameras to take images of poor quality in certain respects, which can have myriad causes from lenses to compression algorithms to color composition—not that any of the advertising statements at issue here was false. The FAC's allegations regarding Dr. Castleman's analysis thus do nothing to support Plaintiffs' false advertising claims.

Plaintiffs attempt to mislead by describing Dr. Castleman's opinions as relating to the cameras' "optical resolution"—a term that sounds similar to, but means something very different from, the "video resolution" (i.e. pixel count) that is the subject of the advertising statements at issue here, *see* FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). As an initial matter, the two terms are different on their face (even if similar sounding), so one does not constitute a plausible factual allegation of the other. And the fact that Plaintiffs cannot bring themselves to make any allegations about the cameras' actual video resolution speaks volumes—and is alone is reason to dismiss their claims. What is more, Plaintiffs' use of the term "optical resolution" is nothing but a sleight of hand, as that term refers to a concept that is simply distinct from the "video resolution" at issue here. "Optical resolution," refers to "how small an object can be seen and accurately identified." *Students Against Genocide (SAGE)*, 1998 WL 699074, at *7. "[V]ideo resolution," by contrast, refers—as Plaintiffs themselves admit—to the number of pixels in an image. *See, e.g.*, FAC ¶ 17. There is, accordingly, a key disconnect between the subject of Plaintiffs' factual allegations (the cameras' "optical resolution") and the subject of the challenged advertising statements (the cameras' "video resolution"). As a result, every one of Plaintiffs' allegations concerning the cameras' "optical resolution," *see* FAC ¶¶ 45-65, is simply irrelevant—as none can or does plausibly plead that the cameras' "video resolutions" (that is, the pixel counts) were other than as advertised.

Plaintiffs attempt to blur this distinction by occasionally describing "optical resolution" in terms of "[e]stimated" pixel counts. *See* FAC ¶ 65; see also id. at 63. To do this, Plaintiffs compare images of text taken by two cameras (the iPhone 12 and a eufy camera) with supposedly different optical resolutions. Then, based on their own subjective estimate that the iPhone 12's camera has a "44%" better optical resolution (based on the font size of the text that those images allow Plaintiffs to read), they insinuate that it must also have a 44% higher pixel count. FAC ¶¶ 63-65. But that is

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

no different than saying—implausibly—that because a photo taken by a still camera allows a viewer to read smaller text than a (blurry) photo taken by a moving camera, the latter camera must have fewer pixels than the former.  Or that because a camera whose lens is focused far away provides greater clarity for (small) distant objects than a camera whose lens is focused close up, the former camera must use more pixels.  Plaintiffs' argument, in other words, is nothing but the same sleight of hand that attempts to hide—rather than engage with—the distinction between optical resolution and video resolution.

### 3. Plaintiffs' reliance of "optical resolution" is contradicted by the sources upon which their own FAC relies.

In fact, Plaintiffs' own argument is refuted by one of the sources (Boxcast, *cited at* FAC ¶¶ 17, 19, nn. 2, 4) that they themselves cite.  As that source explains: the "belief [] that more pixels means a higher-quality picture for viewers"—or, conversely, that lower picture quality means fewer pixels—"isn't necessarily true."  *4K Live Streaming—The Right Questions to Ask*, Boxcast, https://www.boxcast.com/blog/4k-live-streaming-the-right-questions-to-ask.  In fact, "[o]ther factors [aside from video resolution] are much more important in determining overall picture quality."  *How Many Megapixels Do You REALLY Need?*, Photo Review, https://www.photoreview.com.au/tips/buying/how-many-megapixels-do-you-really-need.  Those factors include things like camera movement, focus, lighting conditions, depth of field, focal length, lens characteristics, as well as internet speed and where a video is paused to capture a still.  *See id.* As a result, one cannot simply infer that because some aspect of image quality differs across two cameras that it must be due to a difference in pixel count.

Indeed, the FAC's own factual allegations indicate that any difference in optical resolution is not due to a difference in the cameras' video resolution.  According to the FAC, worse optical resolution is "often due" either "to the signal processing algorithms" or "to the inherent characteristics of the imaging sensor and lens."  FAC ¶ 56 ("This often occurs due to limitations in the imaging system's ability to resolve fine details, or due to signal processing algorithms.").  The FAC then goes on to allege that here it is "due undoubtedly" to the "processing" algorithms used by eufy's software.  FAC ¶ 59; *see also id.* ¶ 64 (alleging that "artifacts introduced by the extreme edge

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

enhancement processing distort the text badly"). In other words, on Plaintiffs' own theory, any supposed inferiority in the eufy cameras' optical resolution is due to image processing algorithms—and not due to any difference in pixel count/video resolution. And while Plaintiffs may prefer that their cameras used other image processing algorithms, or even none at all, that is not the same as showing that Defendants' statements about their cameras' pixel counts were false.

### 4. The remainder of the FAC's allegations are irrelevant for similar reasons.

As for the rest of the allegations in Plaintiffs' FAC (which are materially identical to the ones they previously advanced in their original Complaint), they fall victim to the exact same logical implausibility. Specifically, Plaintiffs suggest that because they were "disappointed in the image quality" of the products they purchased, that must mean that the cameras had a "significantly lower … video resolution" than advertised. FAC ¶¶ 1, 73, 78. In support of that theory, Plaintiffs attach the following two images, which they claim were taken by a S300 eufyCam 3C camera (the "Test Eufy Camera" in the graphic below) and an unspecified "true 4K video camera." FAC ¶ 66.



Test Eufy Camera at 10 ft          True 4K Camera at 10 ft

According to Plaintiffs, the image on the left is "noticeably inferior" to the one on the right, which Plaintiffs insinuate means that the camera on the left has inferior resolution. FAC ¶ 67. But

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 13 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

once again, that runs afoul of the source that they themselves rely on, which admonishes that one cannot simply assume that a "higher-quality picture for viewers" was necessarily the result of "more pixels," or that a lower-quality picture means fewer pixels. *4K Live Streaming—The Right Questions to Ask*, Boxcast, https://www.boxcast.com/blog/4k-live-streaming-the-right-questions-to-ask; *see also* FAC ¶¶ 17, 19, nn. 2, 4 (*citing* Boxcast). Plaintiffs' theory, in other words, rests squarely on the fallacy that their own source cautions against.

*     *     *

That is all to say, had Plaintiffs truly purchased camera products with resolutions less than advertised, it would have been easy for Plaintiffs to allege as much directly. Indeed, all they would have had to do is provide the resolution of the video recorded by their devices (which would have been obtained in a matter of seconds). Or taken a look at the sensor. Or pulled up a data sheet. And they have now had two chances to do so. Instead, however, Plaintiffs resort to increasingly elaborate, roundabout, and ultimately misleading allegations that solely concern features of an image other than video resolution. This is plainly not enough to survive Rule 8. And it certainly falls well short of Rule 9(b)'s requirement that the FAC plead specific facts showing "why [the advertised resolution] is false." *Vess*, 317 F.3d at 1106.

Because Plaintiffs have now twice failed to address this basic defect—which they could have done by simply including an allegation about the cameras' actual video resolution if it supported their case (which can be easily determined with only a few mouse clicks)—there is no reason to expect a different result if Plaintiffs are given yet another bite at the apple. Plaintiff's FAC should be dismissed in its entirety, without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (leave to amend may be denied where "amendment would be futile").

### C.   In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300.[8]

Separate and apart from Plaintiffs' failure to plead facts showing that Defendants' products lack the advertised resolution, Plaintiffs' FAC must be dismissed as to all products other than the

---

[8] This section is substantively identical to Section IV.B in Fantasia's MTD.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

DEFENDANT POWER MOBILE LIFE, LLC'S
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

S300. That is so for two reasons. First, although Plaintiffs' false advertising claims are based on representations regarding thirteen separate products, *see* FAC ¶ 22, Plaintiffs FAC includes allegations—irrelevant allegations, for the reasons described above—about only two (the S300 and the E340), *see* FAC ¶¶ 45-65. Because Plaintiffs have not even attempted to allege anything about the other eleven products, much less that their resolutions were less than advertised, Plaintiffs' cannot maintain a claim for false advertising as to those products.

Second, Plaintiffs admit that they only purchased two of the products they challenge here (the S300 and the Video Doorbell Dual Camera with HomeBase). FAC ¶¶ 71-72, 76-77. But as courts have explained: "A plaintiff who is falsely led to buy a product may claim injury resulting from that purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise)." *Lorentzen*, 532 F. Supp. 3d at 909. Because a plaintiff "d[oes] not suffer any injury—economic or otherwise—related to" products that she has never purchased, she therefore "lacks standing to assert" claims based on such products. *Id.* Here, that means that Plaintiffs have standing to maintain claims only based on the S300 and the Video Doorbell Dual Camera with HomeBase. Thus the only camera that Plaintiffs have standing to challenge—and which they made any allegations at all in their FAC—is the S300. Accordingly, in all events, Plaintiffs' claims must be dismissed as to statements relating to all other products.

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' FAC in its entirety for lack of personal jurisdiction, for failure to state a claim, and for lack of standing to the extent it seeks to assert claims based on products Plaintiffs themselves did not purchase.

Orrick, Herrington &
Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 15 -

Defendant Power Mobile Life, LLC's
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

1    DATED: February 12, 2024          Respectfully Submitted,

2                               ORRICK, HERRINGTON & SUTCLIFFE LLP

4                               By:       */s/ Diana M. Rutowski*

DIANA M. RUTOWSKI

Attorneys for Defendant
POWER MOBILE LIFE LLC