1  DIANA M. RUTOWSKI (STATE BAR NO. 238878)
   drutowski@orrick.com
2  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone:   +1 650 614-7400
5  Facsimile:    +1 650 614-7401

6  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA  94105-2669
9  Telephone:   +1 415 773 5700
   Facsimile:    +1 415 773 5759
10
   THOMAS FU (STATE BAR NO. 325209)
11 tfu@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12 355 South Grand Ave., Suite 2700
   Los Angeles, CA  90071-1596
13 Telephone:   +1 213 629-2020
   Facsimile:    +1 213 612-2499
14
   Attorneys for Defendant Fantasia Trading LLC
15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18

19 THANH TRAN and JYOTINDRA SHAKYA, on        Case No. 3:23-cv-03925-JD
   behalf of themselves and those similarly situated,
20                                             **DEFENDANT FANTASIA TRADING
                       Plaintiffs,             LLC'S REPLY IN SUPPORT OF ITS
21                                             MOTION TO DISMISS PLAINTIFFS'
        v.                                     FIRST AMENDED COMPLAINT**
22
   FANTASIA TRADING LLC; ANKER                 Date:    March 7, 2024
23 INNOVATIONS TECHNOLOGY CO., LTD.;           Time:    10:00 a.m.
   POWER MOBILE LIFE, LLC,
24                                             Judge:    Hon. James Donato
                       Defendants.             Location: Courtroom 11, 19th Floor
25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

                                    FANTASIA'S REPLY ISO
                          MOTION TO DISMISS PLAINTIFFS' FAC
                                CASE NO. 3:23-CV-03925-JD

# **TABLE OF CONTENTS**

Page

I.  LEGAL ARGUMENT ................................................................................................2

   A.  Plaintiffs Concede That The FAC Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Video Resolutions. .............................2

      1.  The challenged representations concern pixel counts ...................................2

      2.  The court may dispose of Plaintiffs' claims on a motion to dismiss. ................5

      3.  Plaintiffs' allegations and arguments about aspects of image quality other than pixel count remain irrelevant. ........................................6

   B.  In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300. .....................................................................................7

      1.  Plaintiffs do not dispute that this case must be dismissed as to all products other than the S300 and the E340. ..............................7

      2.  Plaintiffs fail to allege that the E340 is substantially similar to the S300. ........8

   C.  Plaintiffs Should Not Be Granted Leave To Amend. ...................................10

II.  CONCLUSION ....................................................................................................10

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

TABLE OF CONTENTS
CASE NO. 3:23-CV-03925-JD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) ............................................................................ 4

*Biggs v. Bank of Am. Corp.*,
   2017 WL 11648663 (C.D. Cal. 2017) .......................................................................... 10

*Brislane v. Brown*,
   2017 WL 528488 (C.D. Cal. 2017) .............................................................................. 10

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) ..................................................................................... 10

*Gunn v. FCA US, LLC*,
   2023 WL 5418736 (N.D. Cal. 2023) .............................................................................. 5

*Lefkowtiz v. Scytl USA*,
   2016 WL 537952 (N.D. Cal. 2016) ............................................................................... 8

*Lorentzen v. Kroger Co.*,
   532 F. Supp. 3d 901 (C.D. Cal. 2021) ....................................................................... 8, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ...................................................................................... 3

*McCracken v. KSF Acquisition Corp.*,
   2022 WL 18932849 (C.D. Cal. 2022) ........................................................................... 9

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ...................................................................................... 5

*Ochoa v. Zeroo Gravity Games LLC*,
   2023 WL 4291974 (C.D. Cal. 2023 ............................................................................... 9

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) .................................................................................... 10

*Sponchiado v. Apple Inc.*,
   2019 WL 6117482 (N.D. Cal. 2019) ..................................................................... 1, 5, 6

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ..................................................................................................... 8

*Wilson v. Frito-Lay N. Am.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...................................................................... 8, 9

*Zakikhan v. Hyundai Motor Co.*,
   2021 WL 4805454 (C.D. Cal. 2021) ........................................................................... 8, 9

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

\- i -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

1    Plaintiffs' Opposition, ECF No. 47 ("Opp."), concedes the issue at the heart of Fantasia's

2    Motion to Dismiss, ECF No. 43 ("Mot.").  Plaintiffs admit that they "do not allege that Defendants

3    products recorded videos with fewer pixels than advertised."  Opp. 10.  Instead, Plaintiffs argue that

4    Defendants should not be "permitted to advertise [their] cameras as '1080p' / 'HD,' '2K,' and '4K'

5    / 'UHD,' [even though] *the cameras have a corresponding pixel count*."  Opp. 1 (emphasis added);

6    *see also* Opp. 10.  That makes no sense.  False advertising laws prohibit only advertising that is false.

7    Plaintiffs concede here that Defendants' statements about their cameras' pixel counts are *true* (or at

8    least that the Complaint does not allege otherwise).  For this reason alone, the Complaint fails.

9    The rest of Plaintiffs Opposition regarding resolution attempts to conceal the absurdity of

10   Plaintiffs' position by conflating two separate issues—pixel count (which is the subject of

11   Defendants' advertisements) and image quality (which is not).  Indeed, the *Sponchiado* case cited

12   by Plaintiffs confirms the fallacy of their own argument.  *See Sponchiado v. Apple Inc.*, 2019 WL

13   6117482 (N.D. Cal. 2019).  As that case makes clear, when a plaintiff challenges a representation

14   about "pixel count," all that matters is whether it provides "an accurate count of the number of true

15   pixels"; arguments about *other aspects* of a product's image quality are irrelevant.  *Id.* at *5.

16   Ultimately, even Plaintiffs are forced to admit that the conflation they peddle, in both their FAC and

17   their Opposition, is faulty—confessing that there is no "simple correlation between pixel quantity

18   and image quality."  Opp. 15.

19   What is more, Plaintiffs' Opposition does not dispute that the FAC makes no allegations

20   about eleven of the thirteen products that Plaintiffs purport to challenge, or that (as a result) the FAC

21   must at a minimum be dismissed as to those eleven products.  Nor does the FAC dispute that of the

22   two products that the FAC does address (the S300 and the E340), Plaintiffs purchased only one of

23   them (the S300).  Indeed, Plaintiffs' sole argument is that some courts previously held that plaintiffs

24   could bring a claim based on a product they did not buy so long as they showed that it was

25   "substantially similar" production that they did.  Opp. 2.  But, (i) Plaintiffs make no such allegations

26   of "substantial similarity," and (ii) more recent cases confirm the decisions that Plaintiffs rely on are

27   inconsistent with contemporary Supreme Court precedent.  At the very least, then, Plaintiffs' FAC

28   must be dismissed as to all products but the S300.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1    **I.    LEGAL ARGUMENT**

2        **A.    Plaintiffs Concede That The FAC Fails To Plead Facts Showing That
             Defendants' Cameras Lacked The Advertised Video Resolutions.**

3

4            As demonstrated in Fantasia's motion (at 6), each of Plaintiffs' five causes of action rests on

5    the assertion that Defendants' cameras did not record "video resolution" with the advertised number

6    of pixels.  FAC ¶ 93 (Count I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV);

7    *id.* ¶ 135 (Count V).  Plaintiffs concede that, in fact, they "do not allege that Defendants products

8    recorded videos with fewer pixels than advertised."  Opp. 10.  That alone should end this case.

9            Plaintiffs, however, insist that their case somehow survives.  But none of the shifting

10   arguments they advance in support of that nonsensical conclusion withstands scrutiny.  First,

11   Plaintiffs suggest that the labels "1080p" / "HD," "2K," and "4K" / "UHD," do not "refer to mere

12   pixel count."  Opp. 11.  As explained below, *see infra* § I.A.1, Plaintiffs themselves previously

13   admitted just the opposite.  Second, Plaintiffs suggest that whether Defendants' advertising

14   statements are truthful cannot be decided on a motion to dismiss.  As shown below, *see infra* § I.A.2,

15   the caselaw—including caselaw cited by Plaintiffs—holds directly to the contrary.  Third, Plaintiffs

16   fall back on repeating their irrelevant allegations about aspects of image quality *other than video*

17   *resolution*.  As demonstrated below, *see infra* § I.A.3, Plaintiffs admitted that those arguments have

18   no bearing here—a point confirmed by the very sources that Plaintiffs' FAC cites.  Plaintiffs' FAC

19   should be dismissed.

20            **1.    The challenged representations concern pixel counts.**

21           Apparently recognizing that they cannot maintain false advertising claims based on what

22   they concede are true representations about pixel counts, Plaintiffs try to pivot out of their own

23   theories.  Specifically, Plaintiffs now insist that the advertising statements they challenge were not

24   about "pixel count" at all, but instead "related to overall video and image quality."  Opp. 1.  But that

25   is belied by both Plaintiffs' FAC, and the advertisements themselves.  To start, as shown in

26   Fantasia's motion—and not disputed by Plaintiffs—each of Plaintiffs' claims states expressly that it

27   is based on representations about the "video resolution" of Defendants' cameras.  FAC ¶ 93 (Count

28   I); *id.* ¶¶ 101-02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V).  And

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

"video resolution," as explained by the very sources cited in Plaintiffs' FAC (and, again, not disputed by Plaintiffs), refers to the number of pixels in a video or image so allegations to the contrary fail. *See What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, *cited at* FAC ¶¶ 17, 19, nn.2, 4; *see generally* Mot. 2-3.  *See also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (the court need not accept as true allegations that are "contradicted by documents referred to in the complaint" on a motion to dismiss).

That is not the only way in which the FAC makes plain its reliance on pixel counts.  The FAC itself mentions the word "pixel" no fewer than 29 times, including 9 times alone in these crucial paragraphs which set forth the nature of the advertising statements that Plaintiffs challenge here:

> 17.  Anker advertises that some of its Eufy Cameras offer at least "1080p" (also called "HD").  A "1080p" camera is one that is capable of recording an image with 2,073,600 distinct **pixels**.  Specifically, "1080p" cameras record images at 1,920 distinct **pixels** horizontally by 1,080 distinct **pixels** vertically.

> 18.  However, most of the Eufy Cameras Anker sells are advertised as being capable of "2K." A "2K" camera is one that is capable of recording an image with 3,686,400 distinct **pixels**. Specifically, "2K" cameras should record images at 2,560 distinct **pixels** horizontally by 1,440 distinct **pixels** vertically.

> 19.  Some of the most expensive, purportedly high resolution Eufy Cameras Anker sells are advertised as being capable of being "4K" (otherwise known as "Ultra HD," or "UHD").  "4K" video should offer better image quality than "2K" video, providing "far greater image detail than any other resolution." A "4K" camera is one that is capable of recording an image with 8,294,400 distinct **pixels**. Specifically, "4K" cameras record images at 3,840 distinct **pixels** horizontally by 2,160 distinct **pixels** vertically.

FAC ¶¶ 17-19 (emphasis added).

That the FAC's allegations are laser focused on pixels and pixel counts is unsurprising: that is exactly the focus of the challenged advertisements.  For instance, the FAC highlights the following advertisement which expressly states that "4K Detail" means "8 [m]illion pixels":



ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

FAC ¶¶ 24, 26.  Indeed, the FAC alleges that consumers would understand those representations in terms of pixel counts:

- "Based on these representations, consumers reasonably believe that … '4K' Eufy Cameras … will be able to view both live and recorded video with … 3,840 by 2,160 distinct **pixels**." FAC ¶ 28 (emphasis added).

- After viewing Defendants' advertisements about 2K devices, "consumers reasonably believe that … '2K' Eufy Cameras … will be able to view both live and recorded video … [with] 2,560 by 1,440 **pixels**."  FAC ¶ 37 (emphasis added)

- Defendants' representations about their 1080p cameras will lead "consumers [to] reasonably believe that … '1080p' Eufy Cameras … will be able to view both live and recorded video … [with] 1,920 by 1,080" **pixels**.  FAC ¶ 39.

Plaintiffs' Opposition ignores all of those statements and allegations, and instead highlights other statements that supposedly "relate to overall video and image quality," rather than "pixel count."  Opp. 1.  This fails for two independent reasons.  First, every one of those statements also expressly frames its representation in terms of numerical pixel counts—4K is 4K, 2K is 2K, and 1080p is 1080p:

- "'4K' cameras have a '**4K**' resolution, and are capable of '**4K** Detail Day and Night' and 'spot[ting] tiny features' due to the supposedly 'detailed' resolution";

- "'2K' cameras … have a 'Video Quality' of '**2K**' which allows consumers to 'see **2K** Ultra-HD details' and 'crisp **2K** high-definition video'"; and

- "'1080p' cameras can record in 'crystal clear **1080p** HD.'"

Opp. 1 (emphasis added).  None makes representations about the cameras' "video and image quality" that are not explicitly framed in terms of pixel counts (i.e., 4K, 2K, or 1080p).  And again, as Plaintiffs themselves specifically admit, those labels refer to pixels—8,294,400; 3,686,400; or 2,073,600, respectively, *see* FAC ¶¶ 17-19.

Second, all of the other language in those statements, like "crystal clear," would not be actionable if not tied to pixel counts.  Opp. 1.  As courts have recognized, bare representations like "'crystal clear digital' video" are mere "puffery," which is "non-actionable" in a false-advertising claim.  *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 556 (N.D. Cal. 2019).  In other words, even if Plaintiffs could strip away the 4K, 2K, and 1080p labels from the advertising statements they challenge, their claims would still fail, because such statements would be "not actionable under" California law. *Id.* at 555.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

There is thus no doubt that this case is—and always has been—about the pixel counts of the videos that Defendants' cameras are capable of producing.  Because, as explained above, Plaintiffs concede that those advertised pixel counts are accurate, their FAC must be dismissed.

**2.    The court may dispose of Plaintiffs' claims on a motion to dismiss.**

Plaintiffs' next tactic to attempt to save their case is to insist, for two reasons, that this Court cannot address whether they have adequately pleaded—or conceded away—their false advertising on a motion to dismiss.  *First*, Plaintiffs suggest that the false or misleading nature of advertising statements ***categorically*** cannot be decided on a motion to dismiss.  Opp. 9.  But as shown by the very cases that Plaintiffs themselves cite—which either dismissed false advertising claims, or affirmed dismissals of false advertising claims, on exactly that basis—that is simply untrue.  *See Gunn v. FCA US, LLC*, 2023 WL 5418736, at *5 (N.D. Cal. 2023) (Donato, J.), *cited at* Opp. 9 (dismissing UCL claim for failure to plead facts showing that "members of the public are likely to be deceived" by the defendant's statements); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1100 (9th Cir. 2023), *cited at* Opp. 9 (affirming dismissal of false advertising claims on grounds that plaintiffs failed to plead "plausible … allegations[]" that the defendant's advertising was "misleading").

*Second*, Plaintiffs make a narrower argument, insisting that even if false advertising claims *generally* can be decided on a motion to dismiss, false advertising claims about whether a product's "pixel count is correct" *specifically* may be "addressed [only] at the summary judgment stage."  Opp. 12 (citing *Sponchiado*, 2019 WL 6117482); *see also* Opp. 10.  But the sole case that Plaintiffs cite for that point, *Sponchiado*, says no such thing.[1]  In *Sponchiado*, the plaintiffs' complaint survived dismissal because it alleged that the advertised "pixel count [was] not an accurate count of the number of true pixels."  2019 WL 6117482 at *5.  Here, by contrast, Plaintiffs *concede* that "the cameras have a corresponding pixel count" to the ones advertised.  Opp. 11.  *Sponchiado* thus

---

[1] Plaintiffs' Opposition confusingly claims that in *Sponchiado* "Apple argued—as does Defendant here—that the pixel count in its advertising included 'subpixels' … and was therefore accurate." Opp. 10.  That assertion is bizarre.  Fantasia's motion does not mention "subpixels" at all.  (Nor, for that matter, does Plaintiffs' FAC.)  Unsurprisingly, Plaintiffs cite no page in Fantasia' motion in support of this baffling assertion.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

1    presents no obstacle to dismissal.

2        In fact, to the extent *Sponchiado* is relevant at all, it helps Defendants, not Plaintiffs.  That is

3    because *Sponchiado* recognized that when a plaintiff challenges a representation about "pixel

4    count," all that matters is whether it provides "an accurate count of the number of true pixels."  2019

5    WL 6117482 at *5.   Arguments about *other aspects* of a product's image quality—such as the

6    *Sponchiado* defendant's arguments about "subpixels"—are irrelevant.  *See id.*  The same is true here:

7    Because the FAC challenges Defendants' representations about their products' pixel counts,

8    Plaintiffs' arguments about *other aspects* of image quality—a category that encompasses essentially

9    the whole of Plaintiffs' Opposition and the factual allegations in Plaintiffs' complaint—are

10   immaterial.  *See infra* § I.A.3.

11       In short, Plaintiffs cite no case preventing this Court from dismissing their claims for failure

12   to plausibly plead that Defendants' advertisements were false.  Rather, just like in *Gunn* and

13   *McGinity*, this Court can and should dismiss Plaintiffs' claims for exactly that reason.

14           **3.**    **Plaintiffs' allegations and arguments about aspects of image quality**

15                     **other than pixel count remain irrelevant.**

16       Finally, Plaintiffs fall back to the same sleight of hand that they resort to in their FAC—

17   making allegations about things other than pixel count in an attempt to distract from the true question

18   at hand.

19       For instance, Plaintiffs insist that "Defendant cannot overcome the fact that Plaintiffs were

20   disappointed with the images that the cameras produced because Plaintiffs believed that the image

21   quality would have been substantially clearer than the image quality they got from the camera."

22   Opp. 12.  But as Plaintiffs themselves admit earlier in that very same paragraph, "the total number

23   of pixels in an image does not itself determine the image quality."  Opp. 11.  Or, as Plaintiffs later

24   put it:  There is no "simple correlation between pixel quantity and image quality."  Opp. 15.  In other

25   words, all now agree that the mere fact that "Plaintiffs were disappointed with the images that the

26   cameras produced," does not show that Defendants' statements about pixel count were false or

27   misleading.   Accordingly, Plaintiffs' subjective disappointment provides no basis to withstand

28   dismissal of their false advertising claims.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

Plaintiffs make a similar error when they suggest that "Dr. Castleman's testing determined that the S300 eufyCam's actual resolution is approximately 1,774." Opp. 12. As Fantasia already pointed out (at Mot. 8-9)—and Plaintiffs do not dispute—Dr. Castleman did not purport to measure any camera's "video resolution." Instead, his analysis was solely limited to the camera's "optical resolution," *id.*—which Plaintiffs do not dispute is an entirely different concept. *See* Opp. 14 (acknowledging, and not contesting, Fantasia's point "that there is a 'key disconnect between the subject of Plaintiffs' factual allegations (the cameras' "optical resolution") and the subject of the challenged advertising statements (the cameras' "video resolution")'"). Accordingly, it too provides no basis to support Plaintiffs' claims that advertisements about video resolution were false.[2]

Plaintiffs' attempt to distract with irrelevant allegations must fail. Their FAC should be dismissed.

**B.    In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300.**

As detailed below, Plaintiffs Opposition fails entirely to address, and thus concedes, Fantasia's argument that all products other than the S300 and E340 must be dismissed because the Complaint contains no plausible allegations that the advertised resolutions for any other products were false. Further, Plaintiffs fail to allege that the E340 is substantially similar to the S300.

**1.    Plaintiffs do not dispute that this case must be dismissed as to all products other than the S300 and the E340.**

Fantasia's motion (at § IV.B) showed that, independent of any of the arguments above, Plaintiffs' FAC must be dismissed as to all products other than the S300 and the E340. That is because those are the only two products for which the FAC even attempts to show that advertising

---

[2] Plaintiffs' defense of Dr. Castleman's "methodology," Opp. 13-14, is thus entirely beside the point. Plaintiffs admit that Dr. Castleman measured something other than the cameras' video resolutions (namely, their "optical resolutions"). *See* Opp. 13-14. In fact, Plaintiffs concede that the cameras' video resolutions—which is all that both Defendants' advertisements and Plaintiffs' claims are focused on—were exactly as advertised. *See* Opp. 1, 10. And so because Dr. Castleman was—admittedly—measuring the wrong thing, it matters not at all whether he went about obtaining that incorrect measurement by a proper or improper methodology. To take a simple example, if the operative question is how much a car weighs, it does not matter whether an expert uses proper or improper methods to determine the height of a horse—either way, the expert's findings are entirely irrelevant to the question at hand.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD

1  statements were false.  For all eleven other products listed in the FAC, *see* FAC ¶ 22, the FAC states

2  only what the advertised video resolutions were—it does not attempt to allege that those advertised

3  video resolutions (or anything else about those products' advertising) were false, *see* FAC ¶¶ 45-65

4  (making allegations only about the S300 and the E340).  Plaintiffs do not contest this argument, so

5  it is thus undisputed that—at a minimum—the FAC must be dismissed as to all products other than

6  the S300 and E340.  *See Lefkowtiz v. Scytl USA*, 2016 WL 537952, at *3 (N.D. Cal. 2016)

7  ("Plaintiff[s] fail[] to respond to this argument and therefore concede[] it through silence.").

### 2.    Plaintiffs fail to allege that the E340 is substantially similar to the S300.

9  Still more, Fantasia's motion also demonstrated that—independently—the FAC must be

10  dismissed as to all products other than the S300 and the Video Doorbell Dual Camera with

11  HomeBase, because those are the only two products that Plaintiffs claim to have purchased.  FAC

12  ¶¶ 71-72, 76-77; *see also Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021)

13  (holding that a plaintiff "lacks standing to assert" claims based on products she did not purchase).

14  Plaintiffs do not dispute that those are the only two products they purchased, or that *Lorentzen*

15  squarely holds that they lack standing to pursue claims based on other products. *See* Opp. 15-16.

16  Instead, Plaintiffs cite a handful of cases to claim that there is an exception to this usual rule

17  "if the complaint alleges facts to show that the purchased and non-purchased products share

18  'substantial' similarities."  Opp. 15 (citing, *e.g.*, *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134,

19  1141–42 (N.D. Cal. 2013)).  The cases that Plaintiffs cite, however, are wrong and outdated.  For a

20  while, there had been "a split in authority among district courts in the Ninth Circuit whether plaintiffs

21  may bring claims for products they did not purchase as long as the products and the alleged

22  misrepresentations are substantially similar." *Zakikhan v. Hyundai Motor Co.*, 2021 WL 4805454,

23  at *5 (C.D. Cal. 2021).  But recent Supreme Court precedent has made clear that allowing such

24  claims to precede is "inconsistent with basic principles of Article III standing." *Id.* at *5.

25  Specifically, in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court reaffirmed

26  that "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim

27  that they press and for each form of relief that they seek." *Id.* at 431.  As courts have recognized,

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

those principles mean that a plaintiff does not have standing to pursue a claim based on a product that they did not purchase. *Zakikhan*, 2021 WL 4805454, at *5. After all, a plaintiff suffers no injury from (and thus has no standing to complain about) a product that she does not purchase—even if it is "similar" to one that she does purchase. *Lorentzen*, 532 F. Supp. 3d at 909; *see also, e.g.*, *Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291974, at *6 (C.D. Cal. 2023); *McCracken v. KSF Acquisition Corp.*, 2022 WL 18932849, at *2 (C.D. Cal. 2022). Accordingly, whatever their merits at the time they were issued, is it clear that under current law the cases on which Plaintiffs rely are not correct. For this reason alone, Plaintiffs' argument fails.

In any event, Plaintiffs' argument also fails because that they do not "allege substantial similarity among the Purchased Products and the Non–Purchased Products," *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d at 1141, *cited at* Opp. 15. In other words, even if a "substantially similar" exception to Article III standing existed, Plaintiffs have not shown that they qualify for it here. As the *Wilson* case—cited by Plaintiffs themselves—explains, a court may not "just assume that every one of the Non–Purchased Products' labels is actionable in the same way" as the purchased products, or "assume that each of these subtly different Products is like all the others." *Id.* at 1141-42. Rather, Plaintiffs' allegations "be clear about why any Non–Purchased Products were similar enough to the Purchased Products for standing purposes." *Id.* at 1141. Here, however, Plaintiffs say nothing at all about why the products they did not purchase are supposedly similar to the ones they did. Indeed, they argue only that the *advertisements* for the products were similar, *see* Opp. 16; they make no similar arguments or allegations about the *products themselves*. Plaintiffs' arguments thus fail on their own terms: Even if Plaintiffs could have standing to bring claims based on "substantially similar" products that they did not buy, Plaintiffs fail to show that any of the non-purchased products were substantially similar to the ones they purchased.

*    *    *

That is all to say, Plaintiffs do not dispute that their claims must be dismissed as to all products other than the S300 and the E340. And they do not attempt to allege that the E340—which neither of them purchased—is substantially similar to the S300. Accordingly, in all events, Plaintiffs' FAC must be dismissed as to all devices other than the S300.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

C.     **Plaintiffs Should Not Be Granted Leave To Amend.**

Plaintiffs conclude their (overlength) Opposition with a perfunctory request for leave to amend if the Court identifies any defects in the FAC.  Opp. 16; *see also* Judge Donato's Standing Order For Civil Cases ¶ 18 ("Except for summary judgment and class certification motions, opening and opposition briefs may not exceed 15 pages.").  But any amendment here would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (leave to amend properly denied where "amendment would be futile").  An "amended complaint may only allege '[new] facts consistent with the challenged pleading.'"  *Biggs v. Bank of Am. Corp.*, 2017 WL 11648663, at *2 (C.D. Cal. 2017) (quoting *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  Here, Plaintiffs have already admitted that Defendants' advertising statements were truthful, or at least that they do not allege otherwise with respect to pixel count.  There are thus no amendments that Plaintiffs could offer that could save their false advertising claims.  "Because Plaintiff[s] ha[ve] already amended [their] Complaint once and ha[ve] failed to provide the Court with any facts or argument that indicate leave to amend would not be futile," the Court should deny Plaintiffs leave to further amend their complaint.  *Brislane v. Brown*, 2017 WL 528488, at *2 (C.D. Cal. 2017).

II.     **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiffs' FAC in its entirety for failure to state a claim, and for lack of standing to the extent it seeks to assert claims based on products Plaintiffs themselves did not purchase.

DATED: February 16, 2024

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Diana M. Rutowski*

DIANA M. RUTOWSKI

Attorneys for Defendant
FANTASIA TRADING LLC

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

FANTASIA'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-cv-03925-JD