DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614-7400
Facsimile: +1 650 614-7401

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA 90071-1596
Telephone: +1 213 629-2020
Facsimile: +1 213 612-2499

Attorneys for Defendant Power Mobile Life, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN and JYOTINDRA SHAKYA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC; ANKER INNOVATIONS TECHNOLOGY CO., LTD.; POWER MOBILE LIFE, LLC,<br><br>Defendants. | Case No. 3:23-cv-03925-JD<br><br>**DEFENDANT POWER MOBILE LIFE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: March 21, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. James Donato<br>Location: Courtroom 11, 19th Floor |

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

Power Mobile's Reply ISO
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

# **TABLE OF CONTENTS**

Page

I. LEGAL ARGUMENT ..................................................................................................... 1

    A. This Court Lacks Personal Jurisdiction Over Power Mobile. ........................... 1

    B. Plaintiffs Concede That The FAC Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Video Resolutions. .................................................. 3

        1. The challenged representations concern pixel counts. ......................... 4

        2. The court may dispose of Plaintiffs' claims on a motion to dismiss. ................ 6

        3. Plaintiffs' allegations and arguments about aspects of image quality other than pixel count remain irrelevant. ................................................................. 7

    C. In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300. ........................................................................................................ 8

        1. Plaintiffs do not dispute that this case must be dismissed as to all products other than the S300 and the E340. ................................................................. 8

        2. Plaintiffs fail to allege that the E340 is substantially similar to the S300. ........ 9

    D. Plaintiffs Should Not Be Granted Leave To Amend. .................................... 10

II. CONCLUSION ............................................................................................................ 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ahern v. Apple Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) ................................................................................... 6

*Biggs v. Bank of Am. Corp.*,
2017 WL 11648663 (C.D. Cal. 2017) .................................................................................. 10

*In re Boon Global, Ltd.*,
923 F.3d 643 (9th Cir. 2019) ......................................................................................... 1, 2, 3

*Briskin v. Shopify Inc.*,
2022 WL 1427324 (N.D. Cal. 2022) ..................................................................................... 2

*Brislane v. Brown*,
2017 WL 528488 (C.D. Cal. 2017) ...................................................................................... 10

*Calder v. Jones*,
465 U.S. 783 (1984) ............................................................................................................ 2, 3

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ............................................................................................. 10

*Gunn v. FCA US, LLC*,
2023 WL 5418736 (N.D. Cal. 2023) ................................................................................... 6, 7

*Lefkowtiz v. Scytl USA*,
2016 WL 537952 (N.D. Cal. 2016) ..................................................................................... 2, 9

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021) ................................................................................... 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ............................................................................................... 4

*McCracken v. KSF Acquisition Corp.*,
2022 WL 18932849 (C.D. Cal. 2022) .................................................................................... 9

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) ............................................................................................. 6, 7

*Munning v. Gap, Inc.*,
2016 WL 6393550 (N.D. Cal. 2016) ................................................................................... 2, 3

*Ochoa v. Zeroo Gravity Games LLC*,
2023 WL 4291974 (C.D. Cal. 2023) ...................................................................................... 9

*Sponchiado v. Apple Inc.*,
2019 WL 6117482 (N.D. Cal. 2019) .................................................................................. 6, 7

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

*Tivoli LLC v. Sankey*,
   2015 WL 12683801 (C.D. Cal., 2015) .......................................................................... 2, 3

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ........................................................................................................ 9

*Wilson v. Frito-Lay N. Am.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........................................................................... 9

*Zakikhan v. Hyundai Motor Co.*,
   2021 WL 4805454 (C.D. Cal. 2021) ................................................................................ 9

**Rules**

Fed. R. Civ. P. 8 .......................................................................................................................... 6

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- iii -

TABLE OF AUTHORITIES
CASE NO. 3:23-CV-03925-JD

Plaintiffs' Opposition, ECF No. 52 ("Opp."), concedes the issues at the heart of Power Mobile's Motion to Dismiss, ECF No. 49 ("Mot."), both jurisdictionally and on the merits. Jurisdictionally, Plaintiffs admit that the FAC includes **no allegations** showing that Power Mobile, specifically, undertook any act purposefully directed at California; instead, all its allegations are directed towards "Defendants" "collectively." Opp. 1. Under controlling Ninth Circuit caselaw—which Plaintiffs' Opposition entirely ignores—that is fatal. *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("[E]ach party's contacts with the forum State must be assessed **individually**." (emphasis added)). On the merits, Plaintiffs admit that Defendants' products advertised as "'1080' / 'HD,' '2K,' and '4K' / 'UHD,' … have a corresponding pixel count." Opp. 10. That, too, is fatal, as false advertising laws prohibit only advertising that is false—and here Plaintiffs concede that Defendants' statements about their cameras' pixel counts are **true** (or at least that the FAC does not allege otherwise). For both of these reasons, the FAC must be dismissed.

What is more, Plaintiffs' Opposition does not dispute that the FAC makes no allegations about eleven of the thirteen products that Plaintiffs purport to challenge, or that (as a result) the FAC must at a minimum be dismissed as to those eleven products. Nor does the FAC dispute that of the two products that the FAC does address (the S300 and the E340), Plaintiffs purchased only one of them (the S300). Indeed, Plaintiffs' sole argument is that some courts previously held that plaintiffs could bring a claim based on a product they did not buy so long as they showed that it was "substantially similar" production that they did. Opp. 1. But, (i) Plaintiffs make no such allegations of "substantial similarity," and (ii) more recent cases confirm the decisions that Plaintiffs rely on are inconsistent with contemporary Supreme Court precedent. At the very least, then, Plaintiffs' FAC must be dismissed as to all products but the S300.

I.  **LEGAL ARGUMENT**

   A.  **This Court Lacks Personal Jurisdiction Over Power Mobile.**

Plaintiffs concede that this Court lacks general jurisdiction over Power Mobile, and instead argue only that it has specific jurisdiction. Opp. 6. Plaintiffs, however, do not dispute that every allegation that they rely on in support of specific jurisdiction is not pled about Power Mobile

specifically, but rather about "Defendants" "collectively." Opp. 1, 10. As Power Mobile demonstrated, however the Ninth Circuit and Supreme Court have made clear that such collective allegations are insufficient to support an exercise of personal jurisdiction. That is because due process requires "each party's 'contacts with the forum [s]tate must be assessed *individually*'" when determining whether personal jurisdiction exists. *Boon Glob. Ltd.*, 923 F.3d at 651 (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)) (emphasis added). It is thus error to "not conduct[] an *individualized* jurisdictional analysis for each" defendant. *Id.* (emphasis added). Plaintiffs do not attempt to distinguish either *Boon Global*'s or *Calder*'s on-point holdings. Indeed, their Opposition does not mention either case at all. Having "failed to respond to" those cases' application, Plaintiffs thus "concede[] it through silence." *Lefkowtiz v. Scytl USA*, 2016 WL 537952, at *3 (N.D. Cal. 2016). For this reason alone, Plaintiffs' jurisdictional argument fails.

Although they ignore *Boon Global* and *Calder*—as well as *Briskin v. Shopify Inc.*, 2022 WL 1427324, at *3 (N.D. Cal. 2022), *aff'd*, 87 F.4th 404 (9th Cir. 2023), in which their same attorney was recently admonished for running afoul of this same caselaw—Plaintiffs nevertheless insist that "[g]roup pleading is not fatal to a complaint if the complaint still gives defendants fair notice of the claims against them." Opp. 10. But neither case that they cite for support deals with the questions of due process and personal jurisdiction at issue here (and in *Boon Global* and *Calder*); instead, each deals with Rule 8's *separate* limitation that generally prohibits the use of collective allegations to state a claim **on the merits**. *Compare Tivoli LLC v. Sankey*, 2015 WL 12683801, at *4 (C.D. Cal. 2015) (discussing Rule 8, and making no mention of due process or personal jurisdiction); *Munning v. Gap, Inc.*, 2016 WL 6393550, at *3 (N.D. Cal. 2016) (same), *with Boon Glob.*, 923 F.3d at 651 (discussing due process and personal jurisdiction, and making no mention of Rule 8); *Calder*, 465 U.S. at 790 (same). Accordingly, neither case that Plaintiffs cite does (or could do) anything to displace the directly applicable, due process-based holdings of *Boon Global* and *Calder*. For this reason alone, Plaintiffs' jurisdictional argument fails.

What is more, even as to Rule 8, *Tivoli* and *Munning* undermine Plaintiffs' own arguments. Both cases expressly recognize the rule—which Plaintiffs deny here, *see* Opp. 7–8—that a complaint generally "fail[s] to provide fair notice of alleged misconduct under Rule 8(a) … where it fails to

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 2 -

Power Mobile's Reply ISO
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations." *Tivoli*, 2015 WL 12683801, at *3; *see also Munning*, 2016 WL 6393550, at *3. Those cases simply held that the complaints before them—because of highly specific and unusual allegations, not present in the FAC—qualified for limited exceptions from that rule. In *Tivoli*, for instance, the complaint included a "conspiracy allegation," meaning that as a matter of law "each corporate defendant [wa]s liable for the others' actions," so the usual need to distinguish between the defendants' actions in order to state a claim did not apply. 2015 WL 12683801, at *4. Similarly, *Munning* permitted the complaint to state a claim based on collective allegations because it alleged "corporate fraud" that frustrated any ability "to attribute particular fraudulent conduct to each defendant as an individual." 2016 WL 6393550, at *3. The FAC contains no allegations anything remotely like those, and so even under *Tivoli* and *Munning*, is subject to the usual rule that a complaint must fail "where it fails to differentiate among defendants." 2015 WL 12683801, at *3.

Contrary to Plaintiffs' suggestion, then, there is no relevant division in authority. Plaintiffs cite no case in which a court—contrary to *Boon Global* and *Calder*—exercised personal jurisdiction based on allegations about "Defendants" generally. And this Court should not be the first. Because Plaintiffs make no allegations showing that Power Mobile, individually, purposefully directed lawsuit-related acts at California, they may not subject Power Mobile to personal jurisdiction.

**B.   Plaintiffs Concede That The FAC Fails To Plead Facts Showing That Defendants' Cameras Lacked The Advertised Video Resolutions.**

As demonstrated in Power Mobile's motion (at 8), each of Plaintiffs' five causes of action rests on the assertion that Defendants' cameras did not record "video resolution" with the advertised number of pixels. FAC ¶ 93 (Count I); *id.* ¶¶ 101–02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). Plaintiffs concede that, in fact, "the cameras have a corresponding pixel count" to the advertised ones. Opp. 10. That alone should end this case.

Plaintiffs, however, insist that their case somehow survives. But none of the shifting arguments they advance in support of that nonsensical conclusion withstands scrutiny. First, Plaintiffs suggest that the labels "1080p" / "HD," "2K," and "4K" / "UHD," do not "refer to mere pixel count." Opp. 10–11. As explained below, *see infra* § I.B.1, Plaintiffs themselves previously

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

POWER MOBILE'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

admitted just the opposite. Second, Plaintiffs suggest that whether Defendants' advertising statements are truthful cannot be decided on a motion to dismiss. As shown below, *see infra* § I.B.2, the caselaw—including caselaw cited by Plaintiffs—holds directly to the contrary. Third, Plaintiffs fall back on repeating their irrelevant allegations about aspects of image quality *other than video resolution*. As demonstrated below, *see infra* § I.B.3, Plaintiffs admitted that those arguments have no bearing here—a point confirmed by the very sources that Plaintiffs' FAC cites. Plaintiffs' FAC should be dismissed.

### 1. The challenged representations concern pixel counts.

Apparently recognizing that they cannot maintain false advertising claims based on what they concede are true representations about pixel counts, Plaintiffs try to pivot out of their own theories. Specifically, Plaintiffs now insist that the advertising statements they challenge were not about "pixel count" at all, but instead "relate[d] to overall image and video quality." Opp. 1. But that is belied by both Plaintiffs' FAC, and the advertisements themselves. To start, as shown in Power Mobile's motion—and not disputed by Plaintiffs—each of Plaintiffs' claims states expressly that it is based on representations about the "video resolution" of Defendants' cameras. FAC ¶ 93 (Count I); *id.* ¶¶ 101–02 (Count II); *id.* ¶ 113 (Count III); *id.* ¶ 123 (Count IV); *id.* ¶ 135 (Count V). And "video resolution," as explained by the very sources cited in Plaintiffs' FAC (and, again, not disputed by Plaintiffs), refers to the number of pixels in a video or image so allegations to the contrary fail. *See What Does 4K Actually Mean*, Boxcast, https://www.boxcast.com/blog/what-does-4k-actually-mean, *cited at* FAC ¶¶ 17, 19, nn.2, 4; *see generally* Mot. 3. *See also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (the court need not accept as true allegations that are "contradicted by documents referred to in the complaint" on a motion to dismiss).

That is not the only way in which the FAC makes plain its reliance on pixel counts. The FAC itself mentions the word "pixel" no fewer than 29 times, including 9 times alone in these crucial paragraphs which set forth the nature of the advertising statements that Plaintiffs challenge here:

> 17. Anker advertises that some of its Eufy Cameras offer at least "1080p" (also called "HD"). A "1080p" camera is one that is capable of recording an image with 2,073,600 distinct ***pixels***. Specifically, "1080p" cameras record images at 1,920 distinct ***pixels*** horizontally by 1,080

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

POWER MOBILE'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

distinct *pixels* vertically.

18.   However, most of the Eufy Cameras Anker sells are advertised as being capable of "2K." A "2K" camera is one that is capable of recording an image with 3,686,400 distinct *pixels*. Specifically, "2K" cameras should record images at 2,560 distinct *pixels* horizontally by 1,440 distinct *pixels* vertically.

19.   Some of the most expensive, purportedly high resolution Eufy Cameras Anker sells are advertised as being capable of being "4K" (otherwise known as "Ultra HD," or "UHD"). "4K" video should offer better image quality than "2K" video, providing "far greater image detail than any other resolution." A "4K" camera is one that is capable of recording an image with 8,294,400 distinct *pixels*. Specifically, "4K" cameras record images at 3,840 distinct *pixels* horizontally by 2,160 distinct *pixels* vertically.

FAC ¶¶ 17–19 (emphasis added).

That the FAC's allegations are laser-focused on pixels and pixel counts is unsurprising: that is exactly the focus of the challenged advertisements. For instance, the FAC highlights an advertisement which expressly states that "4K Detail" means "8 [m]illion pixels." FAC ¶¶ 24, 26. Indeed, the FAC alleges that consumers would understand those representations in terms of pixel counts:

- "Based on these representations, consumers reasonably believe that … '4K' Eufy Cameras … will be able to view both live and recorded video with … 3,840 by 2,160 distinct *pixels*." FAC ¶ 28 (emphasis added).

- After viewing Defendants' advertisements about 2K devices, "consumers reasonably believe that … '2K' Eufy Cameras … will be able to view both live and recorded video … [with] 2,560 by 1,440 *pixels*." FAC ¶ 37 (emphasis added)

- Defendants' representations about their 1080p cameras will lead "consumers [to] reasonably believe that … '1080p' Eufy Cameras … will be able to view both live and recorded video … [with] 1,920 by 1,080" *pixels*. FAC ¶ 39.

Plaintiffs' Opposition ignores all of those statements and allegations, and instead highlights other statements that supposedly "relate[] to overall image and video quality," rather than "pixel count." Opp. 1. But in fact, all but one of those statements expressly frames its representation in terms of numerical pixel counts—4K is 4K, 2K is 2K, and 1080p is 1080p—as opposed to "image and video quality" generally:

- "'**4K** Detail Day and Night,' '**UHD**,' 'Spot tiny features on any potential trespasser,' '**4K**' resolution,"

- "'Capture every event that occurs around your home in ultra-clear **2K** resolution,' '**2K** Detail Day and Night,' 'see **2K** Ultra-HD details,' 'crisp **2K** high-definition video,'" and

- "'crystal clear **1080p** HD.'"

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

POWER MOBILE'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD

Opp. 1 (emphasis added). And again, as Plaintiffs themselves specifically admit, those labels refer to pixels—8,294,400; 3,686,400; or 2,073,600, respectively, *see* FAC ¶¶ 17–19.

In fact, all of the other language in those statements, like "crystal clear," would not be actionable if not tied to pixel counts. Opp. 1. (The same is true, of course, of the one statement that Plaintiff identity that has no pixel count tie: "Spot tiny features…"). As courts have recognized, bare representations like "'crystal clear digital' video" are mere "puffery," which is "non-actionable" in a false-advertising claim. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 556 (N.D. Cal. 2019). In other words, even if Plaintiffs could strip away the 4K, 2K, and 1080p labels from the advertising statements they challenge, their claims would still fail, because such statements would be "not actionable under" California law. *Id.* at 555.

There is thus no doubt that this case is—and always has been—about the pixel counts of the videos that Defendants' cameras are capable of producing. Because, as explained above, Plaintiffs concede that those advertised pixel counts are accurate, their FAC must be dismissed.

## 2. The court may dispose of Plaintiffs' claims on a motion to dismiss.

Plaintiffs' next tactic to attempt to save their case is to insist, for two reasons, that this Court cannot address whether they have adequately pleaded—or conceded away—their false advertising claims on a motion to dismiss. *First*, Plaintiffs suggest that the false or misleading nature of advertising statements **categorically** cannot be decided on a motion to dismiss. Opp. 9. But this Court and the Ninth Circuit have squarely held otherwise. *See Gunn v. FCA US, LLC*, 2023 WL 5418736, at *5 (N.D. Cal. 2023) (Donato, J.) (dismissing UCL claim for failure to plead facts showing that "members of the public are likely to be deceived" by the defendant's statements); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1100 (9th Cir. 2023) (affirming dismissal of false advertising claims on grounds that plaintiffs failed to plead "plausible … allegations[]" that the defendant's advertising was "misleading").

*Second*, Plaintiffs make a narrower argument, insisting that even if false advertising claims *generally* can be decided on a motion to dismiss, false advertising claims about whether a product's "pixel count is correct" *specifically* may be "addressed [only] at the summary judgment stage." Opp. 12 (citing *Sponchiado v. Apple Inc.*, 2019 WL 6117482 (N.D. Cal. 2019)); *see also* Opp. 10. But

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 6 -

Power Mobile's Reply ISO
Motion To Dismiss Plaintiffs' FAC
Case No. 3:23-cv-03925-JD

the sole case that Plaintiffs cite for that point, *Sponchiado*, says no such thing. In *Sponchiado*, the plaintiffs' complaint survived dismissal because it alleged that the advertised "pixel count [was] not an accurate count of the number of true pixels." 2019 WL 6117482 at *5. Here, by contrast, Plaintiffs *concede* that "the cameras have a corresponding pixel count" to the ones advertised. Opp. 10. *Sponchiado* thus presents no obstacle to dismissal.

In fact, to the extent *Sponchiado* is relevant at all, it helps Defendants, not Plaintiffs. That is because *Sponchiado* recognized that when a plaintiff challenges a representation about "pixel count," all that matters is whether it provides "an accurate count of the number of true pixels." 2019 WL 6117482 at *5. Arguments about *other aspects* of a product's image quality—such as the *Sponchiado* defendant's arguments about "subpixels"—are irrelevant. *See id.* The same is true here: Because the FAC challenges representations about products' pixel counts, Plaintiffs' arguments about *other aspects* of image quality—a category that encompasses essentially the whole of their Opposition and the factual allegations in their FAC—are immaterial. *See infra* § I.A.3.

In short, Plaintiffs cite no case preventing this Court from dismissing their claims for failure to plausibly plead that Defendants' advertisements were false. Rather, just like in *Gunn* and *McGinity*, this Court can and should dismiss Plaintiffs' claims for exactly that reason.

### 3. Plaintiffs' allegations and arguments about aspects of image quality other than pixel count remain irrelevant.

Finally, Plaintiffs fall back to the same sleight of hand that they resort to in their FAC—making allegations about things other than pixel count to distract from the true question at hand.

For instance, Plaintiffs insist that "Power Mobile cannot overcome the fact that Plaintiffs were disappointed with the images that the cameras produced because Plaintiffs believed that the image quality would have been substantially clearer than the image quality they got from the camera." Opp. 12. But as Plaintiffs themselves admit earlier in that very same paragraph, "the total number of pixels in an image does not itself determine the image quality." Opp. 12. In other words, all now agree that the mere fact that "Plaintiffs were disappointed with the images that the cameras produced," does not show that Defendants' statements about pixel count were false or misleading. Accordingly, Plaintiffs' subjective disappointment provides no basis to withstand dismissal of their

false advertising claims.

Plaintiffs make a similar error when they suggest that "Dr. Castleman's testing determined that the S300 eufyCam's actual resolution is approximately 1,774." Opp. 11. As Power Mobile already pointed out (at Mot. 10–12)—and Plaintiffs do not dispute—Dr. Castleman did not purport to measure any camera's "video resolution." Instead, his analysis was solely limited to the camera's "optical resolution," *id.*—which Plaintiffs do not dispute is an entirely different concept. *See* Opp. 13–14 (acknowledging, and not contesting, Power Mobile's point "that there is a 'key disconnect between the subject of Plaintiffs' factual allegations (the cameras' "optical resolution") and the subject of the challenged advertising statements (the cameras' "video resolution")'"). Accordingly, it provides no basis to support Plaintiffs' claims that statements about video resolution were false.

Plaintiffs' attempt to distract with irrelevant allegations must fail. Their FAC should be dismissed.

### C. In All Events, Plaintiffs' Lawsuit Must Be Dismissed As To Products Other Than The S300.

As detailed below, Plaintiffs' Opposition fails entirely to address, and thus concedes, Power Mobile's argument that all products other than the S300 and E340 must be dismissed because the Complaint contains no plausible allegations that the advertised resolutions for any other products were false. Further, Plaintiffs fail to allege that the E340 is substantially similar to the S300.

#### 1. Plaintiffs do not dispute that this case must be dismissed as to all products other than the S300 and the E340.

Power Mobile's motion (at § IV.C) showed that, independent of any of the arguments above, Plaintiffs' FAC must be dismissed as to all products other than the S300 and the E340. That is because those are the only two products for which the FAC even attempts to show that advertising statements were false. For all eleven other products listed in the FAC, *see* FAC ¶ 22, the FAC states only what the advertised video resolutions were—it does not attempt to allege that those advertised video resolutions (or anything else about those products' advertising) were false, *see* FAC ¶¶ 45–65 (making allegations only about the S300 and the E340). Plaintiffs do not contest this argument, so it is thus undisputed that—at a minimum—the FAC must be dismissed as to all products other than

the S300 and E340.  *See Lefkowtiz v. Scytl USA*, 2016 WL 537952, at *3 (N.D. Cal. 2016) ("Plaintiff[s] fail[] to respond to this argument and therefore concede[] it through silence.").

### 2. Plaintiffs fail to allege that the E340 is substantially similar to the S300.

Still more, Power Mobile's motion also demonstrated that—independently—the FAC must be dismissed as to all products other than the S300 and the Video Doorbell Dual Camera with HomeBase, because those are the only two products that Plaintiffs claim to have purchased.  FAC ¶¶ 71–72, 76–77; *see also Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021) (holding that a plaintiff "lacks standing to assert" claims based on products she did not purchase). Plaintiffs do not dispute that those are the only two products they purchased, or that *Lorentzen* squarely holds that they lack standing to pursue claims based on other products.  *See* Opp. 14–15.

Instead, Plaintiffs cite a handful of cases to claim that there is an exception to this usual rule "if the complaint alleges facts to show that the purchased and non-purchased products share 'substantial' similarities."  Opp. 15 (citing, *e.g.*, *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1141–42 (N.D. Cal. 2013)).  The cases that Plaintiffs cite, however, are wrong and outdated.  In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court reaffirmed that "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."  *Id.* at 431.  As courts have recognized, those principles make clear that a plaintiff does not have standing to pursue a claim based on a product that they did not purchase.  *Zakikhan v. Hyundai Motor Co.*, 2021 WL 4805454, at *5 (C.D. Cal. 2021).  After all, a plaintiff suffers no injury from (and thus has no standing to complain about) a product that she does not purchase—even if it is "similar" to one that she does purchase.  *Lorentzen*, 532 F. Supp. 3d at 909; *see also, e.g.*, *Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291974, at *6 (C.D. Cal. 2023); *McCracken v. KSF Acquisition Corp.*, 2022 WL 18932849, at *2 (C.D. Cal. 2022).  Accordingly, whatever their merits at the time they were issued, is it clear that under current law the cases on which Plaintiffs rely are not correct.  For this reason alone, Plaintiffs' argument fails.

In any event, Plaintiffs' argument also fails because that they do not "allege substantial similarity among the Purchased Products and the Non–Purchased Products," *Wilson v. Frito-Lay N.*

*Am., Inc.*, 961 F. Supp. 2d at 1141, *cited at* Opp. 14.  In fact, Plaintiffs say nothing at all about why the products they did not purchase are supposedly similar to the ones they did.  They argue only that the *advertisements* for the products were similar, but make no similar arguments or allegations about the *products themselves*.  Opp 14–15.  Accordingly, even if Plaintiffs could have standing to bring claims based on "substantially similar" products that they did not buy, Plaintiffs fail to show that any of the non-purchased products were substantially similar to the ones they purchased.

\* \* \*

That is all to say, Plaintiffs do not dispute that their claims must be dismissed as to all products other than the S300 and the E340.  And they do not attempt to allege that the E340—which neither of them purchased—is substantially similar to the S300.  Accordingly, in all events, Plaintiffs' FAC must be dismissed as to all devices other than the S300.

### D. Plaintiffs Should Not Be Granted Leave To Amend.

Plaintiffs conclude with a perfunctory request for leave to amend if the Court identifies any defects in the FAC.  Opp. 16.  But any amendment here would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (amendment properly denied where "amendment would be futile").  An "amended complaint may only allege [new] facts consistent with the challenged pleading." *Biggs v. Bank of Am. Corp.*, 2017 WL 11648663, at \*2 (C.D. Cal. 2017).  Here, Plaintiffs have already admitted that the advertising statements were truthful, or at least that they do not allege otherwise with respect to pixel count.  There are thus no amendments that Plaintiffs could offer that could save their claims.  "Because Plaintiff[s] ha[ve] already amended [their] Complaint once and ha[ve] failed to provide the Court with any facts or argument that indicate leave to amend would not be futile," the Court should deny Plaintiffs leave to further amend their complaint.  *Brislane v. Brown*, 2017 WL 528488, at \*2 (C.D. Cal. 2017).

### II. CONCLUSION

For the foregoing reasons, this Court should dismiss the FAC in its entirety for lack of personal jurisdiction and failure to state a claim, and for lack of standing to the extent it seeks to assert claims based on products Plaintiffs themselves did not purchase.

DATED: March 4, 2024

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Diana M. Rutowski*
 DIANA M. RUTOWSKI

Attorneys for Defendant
POWER MOBILE LIFE, LLC

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

POWER MOBILE'S REPLY ISO
MOTION TO DISMISS PLAINTIFFS' FAC
CASE NO. 3:23-CV-03925-JD