UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JYOTINDRA SHAKYA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC, et al.,<br><br>Defendants. | Case No. 23-cv-03925-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiffs Jyotindra Shakya and Thanh Tran allege that defendants Fantasia Trading LLC and Power Mobile Life LLC misrepresented the resolution quality of their Eufy-brand security cameras to obtain a price premium. *See* Dkt. No. 30. Plaintiffs allege on behalf of themselves and a putative class claims for fraud and unjust enrichment, and violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1650, *et seq*.), Unfair Competition Law (Cal. Bus. & Profs. Code § 17200, *et seq*.), and False Advertising Law (*id*. § 17500, *et seq*.). *Id*. Defendants, who were served with the complaint at different times, have filed similar motions to dismiss, Dkt. Nos. 43, 49, which plaintiffs oppose. Dkt. Nos. 47, 52. The motions are suitable for disposition without oral argument. Civ. L.R. 7-1(b). The parties' familiarity with the record is assumed, and the complaint is dismissed with leave to amend.

**I.    STANDING**

Defendants' suggestion that Shakya and Tran lack standing to sue on claims about Eufy cameras they did not personally purchase is not well taken. The complaint alleges that the video resolution representations are "identical" for those cameras, and none of the ostensible differences

between the challenged products appear relevant to the video resolution question. *See* Dkt. No. 30 ¶ 40. Although our circuit has not definitively decided the question, a majority of courts in this District have concluded that plaintiffs in a putative class have standing to sue on products that the absent class members purchased so long as the products and misrepresentations are alleged to be "sufficiently similar" to the ones that caused the named plaintiffs' injuries. *See*, *e.g.*, *Moore v. GlaxoSmithKline Consumer Healthcare Holdings LLC*, No. 20-cv-09077-JSW, 2021 WL 3524047, at *3 (N.D. Cal. Aug. 6, 2021) (and cases cited therein); *see also Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 962 (N.D. Cal. 2015) (declining standing in absence of adequate similarity allegations). Contrary to defendants' suggestion, nothing in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), mandates a different conclusion. If discovery establishes that the products are materially different, defendants may revisit this issue in subsequent proceedings. *See Moore*, 2021 WL 3524047, at *3.

## II. PERSONAL JURISDICTION

Defendant Power Mobile is dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of specific personal jurisdiction in this District. *See generally*, *Gevorkyan v. Bitmain Techs. Ltd.*, No. 18-cv-07004-JD, 2022 WL 3702093, at *2 (N.D. Cal. Aug. 26, 2022). The complaint says only that Power Mobile is "a limited liability company existing under the laws of the State of Washington, [and] has a principal place of business in Bellevue, Washington[.]" Dkt. No. 30 ¶ 9. The complaint does not indicate what Power Mobile does or how it might be connected in any way to the cameras or marketing claims discussed in the complaint. There certainly are no particularized allegations about business activities purposefully directed at California. *See Briskin v. Shopify, Inc.*, 87 F.4th 404, 420 (9th Cir. 2023). Plaintiffs' effort to backhoe this deficit with comments in their briefs does not cure the deficiencies in the complaint. *See Newton v. Meta Platforms Inc.*, No. 23-cv-00116-JD, 2023 WL 5749258, at *3 (N.D. Cal. Sept. 6, 2023).

## III. CLAIMS

Dismissal is granted for all claims under Rules 12(b)(6) and 9(b). *See Gunn v. FCA US, LLC*, No. 22-cv-02229-JD, 2023 WL 5418736, at *2 (N.D. Cal. Aug. 22, 2023) (legal standards). Tran says that he purchased the Eufy Video Doorbell with Homebase because it was advertised as

2

"2K." Dkt. No. 30 ¶ 71. He says that "a '2K' camera is one that is capable of recording an image with 3,686,400 distinct pixels." *Id*. ¶ 18 (emphasis omitted). That may be, but the complaint does not plausibly allege that Tran's device fell short of that count. Overall, Tran does not allege that he got a device that was anything other than a 2K camera. The fact that he was "disappointed in the image quality" does not justify an inference of falsity or deception about the video resolution representations. *Id*. ¶ 73.

Shakya says that he bought an S300 eufyCam advertised as "4K," which is said to mean that it is "capable of recording an image with 8,294,400 distinct pixels." *Id*. ¶ 19 (emphasis omitted). Shakya "believed, based on the '4K' representation he had read on the Eufy website, that the image quality would have been substantially clearer than the image quality he got from the camera." *Id*. ¶ 78. Expert testing is said to show that the camera produced blurrier and otherwise inferior images than those of other 4K cameras. *See id*. Section D.

The problem, as plaintiffs acknowledge, is that video resolution and image quality are not the same thing. *See* Dkt. No. 47 at 11 ("the total number of pixels in an image does not itself determine the image quality") (citing Dkt. No. 30 ¶¶ 20-21). As plaintiffs rightly say, "assessing visual quality is a complex process that cannot be reduced to a simple correlation between pixel quantity and image quality." *Id*. at 15. This may be why their own test results show variation in the quality and clarity of the images among the control group cameras produced by Axis, Nikon, and Apple that are said to be truly 4K. *See* Dkt. No. 30 ¶ 52.

The complaint points to multiple reasons why the S300 eufyCam might provide less clear images to the iPhone 12 that have nothing to do with video resolution. For example, one article incorporated into the complaint states that less expensive 4K security cameras can "produce a 4K picture" that is nevertheless disappointing because of "poor quality sensors, and camera internals that sacrifice camera reliability and longevity."[1] Plaintiffs' own expert concludes that one aspect of the image degradation observed for the S300 eufyCam during testing "often happens" because

---

[1] Ray Ansari, *2K vs 4K Security Cameras and Systems*, CCTV Camera World (Oct. 17, 2019), https://www.cctvcameraworld.com/2k-vs-4k-security-cameras-systems/, cited at Dkt. No. 30 at 6 n.3.

of "signal processing algorithms used to enhance sharpness or due to the inherent characteristics of the imaging sensor and lens." Dkt. No. 30 ¶ 56.[2] All of this is very far from saying that Shakya did not get what he bargained for, namely a 4K camera.

Plaintiffs' heavy reliance on *Sponchiado v. Apple Inc.* is misplaced. The plaintiffs there expressly alleged that an advertised pixel count was "not an accurate count of the number of true pixels." No. 18-cv-07533-HSG, 2019 WL 6117482, at *5 (N.D. Cal. Nov. 18, 2019); *see id.* at *1. Plaintiffs here are not nearly so precise, and do not allege that the cameras in fact capture fewer pixels than their descriptions would suggest. Plaintiffs' expert estimates a low "optical resolution" for Shakya's camera based on its poor performance relative to the iPhone 12, but plaintiffs' claims are specifically addressed to marketing statements about "video resolution." *Compare* Dkt. No. 30 ¶¶ 63, 65 ("optical resolution" calculations), *with id.* ¶¶ 1, 22, 84, 93, 101, 113, 123, 135 ("video resolution" claims).

Consequently, the complaint is dismissed with leave to amend. Plaintiffs may file by April 25, 2024, an amended complaint that is consistent with this order. Failure to amend by the deadline will result in dismissal pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: March 18, 2024

_____
JAMES DONATO
United States District Judge

---

[2] The other test apparently controlled for "pixel density" -- the very claim at issue. *Id.* ¶ 60.

4