DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614-7400
Facsimile:   +1 650 614-7401

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA  90071-1596
Telephone:   +1 213 629-2020
Facsimile:   +1 213 612-2499

Attorneys for Defendant Fantasia Trading LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN and JYOTINDRA SHAKYA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC; POWER MOBILE LIFE, LLC,<br><br>Defendants. | Case No. 3:23-cv-03925-JD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

Defendants' Opposition to
Mot. to Extend Time
Case No. 3:23-cv-03925-JD

Plaintiffs' request to extend their deadline to file a Second Amended Complaint should be denied. Plaintiffs claim they "seek this extension due to the need to conduct a consumer survey" to support the plausibility of their allegations—a survey that they have not yet conducted but they say "will show" a preordained conclusion of consumer understanding. ECF No. 57 at 1. But had Plaintiffs wanted to conduct such a survey, they had more than ample time to do so before now. They could have conducted a survey anytime in the thirteen months between when Plaintiff Tran claims to have bought the device at issue here in July 2022 and when Plaintiffs filed this lawsuit on August 3, 2023. *See* ECF No. 1, ¶ 56. They could have done so in the nearly two months between when Defendant Fantasia Trading LLC ("Fantasia") first moved to dismiss the initial complaint on October 24, 2023, *see* ECF No. 18, and when Plaintiffs filed their First Amended Complaint ("FAC") on December 22, 2023, *see* ECF No. 30. Or they could have done so in the three months between when Fantasia moved to dismiss the FAC on January 26, 2024, ECF No. 43, and the Court's current deadline for Plaintiffs to file a Second Amended Complaint on April 25, 2024. Plaintiffs cannot legitimately say they "have acted diligently" but still need more time now. ECF No. 57 at 2.

Indeed, if this consumer survey is as critical to their claims as Plaintiffs suggest, then they were *obligated* to perform this survey before instituting this action. After all, "under Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs were required to have completed their investigation **before** filing suit, **not after**." *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1636384, at *1 (N.D. Cal. 2013) (emphasis in original) (denying motion for extension of time to file second amended complaint for this reason); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (noting that under Rule 11, "[t]he attorney has a duty prior to filing a complaint … to conduct a reasonable factual investigation").

What is more, Plaintiffs' own description of the survey they "**will conduct**," ECF No. 57 at 1 (emphasis added), makes clear that it cannot save their allegations. For one thing, the proposed survey misses the mark even on its own terms, and its rigged results will add nothing to the allegations in the FAC that the Court already dismissed. *See* ECF No. 56. Plaintiffs already alleged in the FAC specifically that the Video Doorbell E340 (advertised with 2K video resolution) has as an estimated "optical resolution" of 720p, whereas the S300 EufyCam 3C (advertised with 4K video

- 1 -

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

Defendants' Opposition to
Mot. to Extend Time
Case No. 3:23-cv-03925-JD

1  resolution) has a higher estimated optical resolution of 1,774p.  FAC ¶ 65.  Thus, even if the survey
2  shows (as Plaintiffs claim it will) that consumers expected "enhanced optical resolution with each
3  step up in advertised video and image detail," ECF No. 57 at 1, Plaintiffs already alleged in the FAC
4  that the devices at issue here do just that.  Plaintiffs' proposed survey, in other words, will add
5  nothing to the allegations that this Court already dismissed.

6       Moreover, Plaintiffs can hardly say that their intended survey is an objective measure of
7  consumer expectations, given that Plaintiffs themselves appear to have already determined the
8  outcome, stating that the survey "***will show*** that consumers do not understand Defendants' claims to
9  only reference pixel count because consumers expect enhanced optical resolution with each step up
10 in advertised video and image detail."  ECF No. 57 at 1 (emphasis added).  Allowing Plaintiffs to
11 add allegations about a survey they are designing specifically to achieve their desired results would
12 do nothing to show what Plaintiffs must show here—that Fantasia's advertisements were actually
13 false or misleading.

14      And of course, Plaintiffs' proposed survey does not even attempt to—and cannot—remedy
15 the jurisdictional defects that this Court identified as to Plaintiffs' claims against Defendant Power
16 Mobile Life, LLC ("Power Mobile").  *See* ECF No. 56 at 2 ("The complaint does not indicate what
17 Power Mobile does or how it might be connected in any way to the cameras or marketing claims
18 discussed in the complaint.").  Accordingly, in all events, Plaintiffs' claims against Power Mobile
19 must be dismissed pursuant to Rule 41(b) if no amended complaint is filed consistent with the court's
20 order by April 25, 2024.  *Id*. at 4.

21      Said simply, Plaintiffs' request for more time to conduct a consumer survey is too little too
22 late.  Too late because if the viability of Plaintiffs' claims truly turned on a consumer survey, then
23 Rule 11 required them to conduct that survey before filing suit—not now, after Fantasia has filed
24 two motions to dismiss.  This case has been hanging over Defendants for too long already.  Too little
25 because Plaintiffs' description of their own proposed survey makes clear that it cannot save their
26 claims in any event, adding nothing to the now dismissed allegations of the FAC and rigged to
27 achieve a predetermined result.  For both of those reasons, Plaintiffs' request for more time should
28 be denied.

| | |
|---|---|
| DATED: April 18, 2024 | Respectfully Submitted, |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | |
| | By: */s/ Diana M. Rutowski* |
| | DIANA M. RUTOWSKI |
| | Attorneys for Defendants |
| | FANTASIA TRADING LLC and POWER MOBILE LIFE, LLC |