DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614-7400
Facsimile: +1 650 614-7401

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA 90071-1596
Telephone: +1 213 629-2020
Facsimile: +1 213 612-2499

*Attorneys for Defendants*
*Fantasia Trading LLC and Power Mobile Life, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN and JYOTINDRA SHAKYA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FANTASIA TRADING LLC; POWER MOBILE LIFE, LLC,<br><br>Defendants. | Case No. 3:23-cv-03925-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER POWER MOBILE LIFE, LLC AND FAILURE TO STATE A CLAIM**<br><br>Date: June 20, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. James Donato<br>Location: Courtroom 11, 19th Floor |

**TABLE OF CONTENTS**

Page

I. LEGAL ARGUMENT ................................................................................................................1

   A. Plaintiffs Cannot Point To Any Allegations In The SAC That Correct The FAC's Jurisdictional Defects ...................................................................................................1

   B. The SAC Does Not Correct The FAC's Defects On The Merits. ................................4

      1. Plaintiffs do not address the defects in the SAC identified in Defendants' motion to dismiss. ...............................................................................................4

      2. Plaintiffs' new case cites serve only to underscore the SAC's defects. ............6

   C. Plaintiffs Should Not Be Given Yet Another Chance To Amend ................................8

II. CONCLUSION .........................................................................................................................8

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

REPLY ISO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 3:23-CV-03925

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AMA Multimedia, LLC v. Wanat*,
  970 F.3d 1201 (9th Cir. 2020) ................................................................................................ 4

*Caces-Tiamson v. Equifax*,
  2020 WL 1322889 (N.D. Cal. 2020). ...................................................................................... 4

*Date v. Sony Electronics Inc.*,
  2009 WL 435289 (E.D. Mich. 2009) .................................................................................. 2, 8

*Date v. Sony Electronics, Inc.*,
  No. 07-cv-592 (S.D. Cal. 2007) .............................................................................................. 8

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
  72 F.4th 1085 (9th Cir. 2023) .................................................................................................. 4

*Howard v. DJI Technology, Inc.*,
  2017 WL 4181119 (E.D. Cal. 2017) ................................................................................... 2, 8

*In re Boon Global*,
  923 F.3d 643 (9th Cir. 2019) ................................................................................................... 3

*Johnson v. Mantena LLC*,
  2020 WL 1531355 (N.D. Cal. 2020) ...................................................................................... 3

*Lefkowtiz v. Scytl USA*,
  2016 WL 537952 (N.D. Cal. 2016) ........................................................................................ 3

*Starratt v. Immedia Semiconductor LLC*,
  No. 22-cv-04775-KAW (N.D. Cal. 2023) ........................................................................... 2, 8

*Wehlage v. EmpRes Healthcare, Inc.*,
  791 F. Supp. 2d 774 (N.D. Cal. 2011) .................................................................................... 5

*Yamashita v. LG Chem, Ltd.*,
  62 F.4th 496 (9th Cir. 2023) .................................................................................................... 4

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- ii -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

      Defendants' Motion to Dismiss pointed out three main defects in Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs' Opposition does not seriously attempt to answer any of those challenges, largely confining its discussion of the SAC's allegations to a mere parroting of them. In truth (perhaps because of the defects), the Opposition seems to have little interest in discussing the SAC's allegations at all. Instead, it focuses its jurisdictional argument on unsupported assertions found nowhere in the SAC—which the Court is barred from considering in response to Power Mobile's facial challenge to the SAC's jurisdictional allegations. *Johnson v. Mantena LLC*, 2020 WL 1531355, at *1 (N.D. Cal. 2020) ("The court may not consider evidence outside the pleadings when deciding a facial attack [on jurisdiction]."). And it rests its merits argument on irrelevant precedent that serves only to underscore why the SAC falls short here. In *Starratt v. Immedia Semiconductor LLC*, No. 22-cv-04775-KAW, ECF 32 (N.D. Cal. 2023), for instance, the court allowed the complaint to proceed to discovery because it included an "allegation that the cameras [at issue] cannot provide 1080p resolution" and indeed were "incapable of meeting that particular standard at all." *Id.* at 18. Here, by contrast, the SAC admits that the opposite is true—i.e., that "the cameras have the pixel count associated with Defendants' representations," SAC ¶ 1. Plaintiffs' Opposition, then, fails to defeat any of the reasons that Defendants have given for dismissal. Accordingly, the SAC should be dismissed, with prejudice, and this case finally brought to an end.

## I.    LEGAL ARGUMENT

### A.    Plaintiffs Cannot Point To Any Allegations In The SAC That Correct The FAC's Jurisdictional Defects.

      This Court dismissed Plaintiffs' FAC for lack of personal jurisdiction over Power Mobile, because it lacked any "particularized allegations about [Power Mobile's] business activities purposefully directed at California." ECF No. 56 at 2. As Defendants' Motion explained (at §IV.A), the SAC fails to fix that problem, because the only "particularized allegations" that it makes about Power Mobile have nothing to do with California at all, and its conclusory allegations that Power Mobile is "jointly responsible" with Fantasia for every allegation, SAC ¶ 12; *see also id*. ¶¶ 16-20, run directly contrary to the Ninth Circuit's instruction that "each party's 'contacts with the forum

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 1 -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

[s]tate must be assessed individually,'" with "an individualized jurisdictional analysis for each" defendant. *In re Boon Glob.*, 923 F.3d 643, 651 (9th Cir. 2019) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)).

Plaintiffs' Opposition "fails to respond to th[ose] argument[s] and therefore concedes [them] through silence." *Lefkowtiz v. Scytl USA*, 2016 WL 537952, at *3 (N.D. Cal. 2016). Indeed, Plaintiffs' discussion of their SAC's jurisdictional allegations is limited to simply repeating them, reciting (yet again) that the "'application that is used to operate the Eufy Cameras, Eufy Security, is listed on the Apple App Store as belonging to Defendant Power Mobile Life,'" Opp. at 12 (quoting SAC ¶ 13)—which still has nothing to do with California, *see* Mot. at 6—and that "Fantasia and Power Mobile are jointly responsible for [all] conduct alleged," Opp. at 12 (quoting SAC ¶ 12)—which still runs directly afoul of the Ninth Circuit's holding *Boon Global*, *see* Mot. at 7.

Instead, the jurisdictional portion of Plaintiffs' Opposition raises points that they ***did not*** mention in their SAC—but to no avail. *See* Opp. at 13-14. As Defendants' Motion explained, Power Mobile "brings a facial attack" on the SAC—i.e., "it challenges the sufficiency ***of the allegations*** to establish jurisdiction." Mot. at 4 (quoting *Park v. Cole Haan, LLC*, 2018 WL 3438693, at *2 (S.D. Cal. 2018)) (emphasis added). Because that challenge relates solely to Plaintiffs' failure ***to plead*** facts establishing personal jurisdiction, "[t]he court may not consider evidence outside the pleadings when deciding a facial attack." *Johnson v. Mantena LLC*, 2020 WL 1531355, at *1 (N.D. Cal. 2020) (citing, e.g., *MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. 2011)). For this reason alone, Plaintiffs' attempt to go outside the SAC fails.

In any event, none of the bald assertions appearing for the first time in Plaintiff's Opposition would move the needle, even if they were considered. For instance, while Plaintiffs assert that Power Mobile uses "geolocation data for targeted advertising," Opp. at 13 (citing nothing), the Ninth Circuit has explained that the use of "geo-located advertisements, which tailor advertisements based on the perceived location of the viewer … does not establish that [the defendant] expressly aimed" conduct at the forum state." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1211 (9th Cir. 2020). That is because such advertisements "are always directed at" whatever forum the user happens to be in: "a viewer in the United States will see advertisements tailored to the United States while a viewer

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 2 -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

in Germany will see advertisements tailored to Germany," and so "[i]f such geo-located advertisements constituted express aiming, [a defendant] could be said to expressly aim at any forum in which a user views the website"—a result which is obviously untenable. *Id.*

Similarly irrelevant is Plaintiffs' assertion that "Power Mobile also sells the Eufy Cameras through the Eufy Security App." Opp. at 13 (citing nothing). As an initial matter, merely offering devices for sale through the app is not itself action "purposefully directed" at California.[1] *Caces-Tiamson v. Equifax*, 2020 WL 1322889, at *3 (N.D. Cal. 2020). Instead, as the Ninth Circuit has explained, purposeful direction requires not only that Power Mobile actually made physical sales into California, but also that such sales "occur as part of [Power Mobile]'s regular course of business," as opposed to being only "random, isolated, or fortuitous"—a showing that would require Plaintiffs to speak to "factors such as … the defendant's total volume of online sales including sales outside the forum, the number or variety of products offered on the defendant's website, and the defendant's online advertising." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1094 (9th Cir. 2023). Plaintiffs, however, say nothing about any of those considerations. What is more, Plaintiffs do not—and cannot—suggest that any of their claims herein "arises out of or relates to" any sales made through the app. *Id.* To the contrary, Plaintiffs specifically allege that they made their purchases elsewhere—namely, though Amazon (Plaintiff Tran), SAC ¶¶ 101-02, and on the eufy website (Plaintiff Shakya), *id.* ¶¶ 106-07. Unsurprisingly, Plaintiffs did not mention the app at all until the third iteration of their complaint, belying any suggestion that their claims here bear any "close connection" with it, as would be required for their claims to "arise[] out of or relate[] to" it. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023).

---

[1] What is more, Plaintiffs' own filings suggest that to the extent any sales are made through the app, they are likely to be merely "random, isolated, or fortuitous," *Herbal Brands*, 72 F.4th at 1094. Indeed, as noted above, Plaintiffs did not even mention the app at all until the third iteration of their complaint—suggesting that it is of relatively little importance. And even when they do mention it, Plaintiffs do so only glancingly—a stark departure from the attention they lavish on other sales channels, which include numerous citations to and images of sites ranging from the eufy website, to Wikipedia, to Youtube, to Amazon. Once again, it is hard to square that overwhelming neglect of the app in Plaintiffs' complaints with any suggestion that the app features prominently in sales made into California.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

- 3 -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

Plaintiffs' Opposition thus does nothing to change the jurisdictional analysis that this Court employed in dismissing Plaintiffs' FAC. Plaintiffs do not seriously defend the allegations that they made in their SAC as being adequate to assert personal jurisdiction over Power Mobile. And their reliance on assertions beyond the four corners of the SAC is both irrelevant and unpersuasive. The claims against Power Mobile thus must be dismissed for lack of personal jurisdiction.

### B.     The SAC Does Not Correct The FAC's Defects On The Merits.

#### 1.     Plaintiffs do not address the defects in the SAC identified in Defendants' motion to dismiss.

This Court dismissed Plaintiffs' FAC on the merits because Plaintiffs did not allege that Plaintiff Tran "got a device that was anything other than a 2K camera," or that Plaintiff Shakya "did not get what he bargained for, namely a 4K camera." ECF No. 56 at 3-4. As Defendants' Motion explained, the same remains true of the SAC: After all, "an amended complaint cannot allege facts inconsistent with [an earlier] pleading." *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 781 (N.D. Cal. 2011). So it still remains the case that—as admitted by both Plaintiffs themselves and the sources they cited throughout both their original Complaint and FAC—the labels "4K" and "2K" meant, respectively, "capable of recording an image with 8,294,400 distinct pixels" and "capable of recording an image with 3,686,400 distinct pixels," which is exactly what they got. ECF No. 56 at 2-3; *see also, e.g.*, FAC ¶¶ 17-19 (collecting sources).

Defendants' Motion explains how the SAC's attempt to plead around that problem—by claiming that survey results show when consumers "see security cameras advertised as being '1080p,' '2K,' and '4K,' they reasonably expect not only the correct pixel count, but also the corresponding amount of image detail," SAC ¶ 1—fails in at least two ways. *First*, none of the claimed survey results purport to show that there is any "corresponding amount of image detail" to the labels "1080p," "2K," and "4K," Mot. at 9-10—and in fact, Plaintiffs themselves have admitted that there is no "simple correlation between pixel quantity and image quality," ECF No. 47 at 11. And *second*, even if there were (contrary to Plaintiffs' admissions) some expected "amount of image detail" that a consumer would expect based on advertising representations of "4K," "2K," or

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 4 -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

1   "1080p" video resolution, the SAC does not even attempt to specify what that level of detail would
2   be—much less show that the devices fell short of that bar. Mot. at 10-11.[2]

3         Plaintiffs' Opposition largely just repeats those same flawed assertions—all while ignoring
4   Defendants' arguments for why they are inadequate. For instance, Plaintiffs insist that Defendants
5   "fail[] to rebut[] plaintiff's new allegations establish[ing] that when "consumers 'see security
6   cameras advertised as being '1080p,' '2K,' and '4K,' they reasonably expect not only the correct
7   pixel count, but also the corresponding amount of image detail." Opp. at 10. But, as explained just
8   above, Defendants already explained that Plaintiffs' claimed survey results show no such thing.
9   Indeed, Plaintiffs do not even address (much less dispute) that—the closest they come is their
10  assertion that "the surveys show that consumers expect greater image detail and definition when
11  exposed to detail and definition claims." Opp. at 10. But the (unsurprising) claim that consumers
12  expect "greater image detail and definition" when exposed to claims about "detail and definition,"
13  comes nowhere near showing what Plaintiffs ultimately claim here—i.e., that consumers understand
14  the labels "1080p," "2K," and "4K," as promising some "corresponding amount of image detail."
15  What is more, as Defendants have further pointed out, Plaintiffs themselves have admitted that ***there***
16  ***is no*** "simple correlation between pixel quantity and image quality," ECF No. 47 at 11. *See* Mot. at
17  10. And while Plaintiffs half-heartedly insist that "[t]here is no inconsistency" between what they
18  said before and what they claim now, they notably do not even try to square the two irreconcilable
19  statements quoted just above. Opp. at 9-10.

20        Plaintiffs fare no better with their insistence that "Dr. Castleman's testing" somehow
21  "specif[ies] what th[e] level of detail would be commensurate with the '4K,' '2K,' and '1080p'
22  representations." Opp. at 11. Indeed, as Defendants—and this Court—have already explained, Dr.
23  Castleman's "own test results" specifically ***refute*** the idea that there is a correspondence between
24  resolution labels and image quality, as they "'show variation between the quality and clarity of the

---

[2] Plaintiffs' defensive insistence that the Court cannot, in resolving this motion to dismiss, question the "reliability of [their] survey methodology," entirely misses the mark. Opp. at 9. Defendants *did not* argue that the SAC should be dismissed for failure to explain its survey methodology; instead, they simply noted Plaintiffs' conspicuous failure to say anything about it—including whether respondents were even shown the advertisements at issue in this case. Mot. at 9.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

REPLY ISO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 3:23-CV-03925

images among various cameras … that are all said to be truly 4K.'" Mot. at 10 (quoting ECF No. 56 at 3). Plaintiffs' only response to this is a footnote stating that "[a]lthough this Court previously found that Dr. Castleman's testing showed variation, Dr. Castleman controlled for other parameters which can affect detail and definition, such as image noise, color, and lens distortion." Opp. at 11, n.1. But that point, even if true, would only undermine Plaintiffs' argument: If Dr. Castleman's testing—even after controlling for the factors that Plaintiffs list—***still*** shows significant variation in image quality across cameras with the same resolution, then that is about as clear an indication as one can get in proving that image quality and resolution do not (as Plaintiffs claim) go hand in hand.

That is all to say, Defendants' Motion to Dismiss Plaintiffs' SAC accounted for the new allegations added in Plaintiffs' SAC and explained why each was insufficient to change the result of this Court's prior analysis; Plaintiffs, meanwhile, fail entirely to answer those arguments. Because none of the few new allegations in the SAC materially changes the analysis from the FAC, Plaintiffs' newest complaint should be dismissed for the same reasons as the last one.

### 2. Plaintiffs' new case cites serve only to underscore the SAC's defects.

Perhaps because they are unable to answer any of Defendants' arguments directly, Plaintiffs instead try to save their case through a Hail Mary: They cite three cases (one authored by a magistrate judge in this district, and two from other courts entirely), which that claim are directly on point and command denial of Defendant's motion. *See* Opp. at 1, 7-8 ("Dismissing the Second Amended Complaint would contradict the denial of the motion to dismiss in *Starratt v. Immedia Semiconductor LLC*." (capitalization altered)).

None of those cases, however, remotely lives up to the billing Plaintiffs give them. *Starratt*, for instance, did not (contrary to Plaintiffs' suggestion) issue any holding that allegations like the ones Plaintiffs advance here must be allowed to proceed past a motion to dismiss, but rather held that where—unlike here—a plaintiff makes an "allegation that the cameras [at issue] cannot provide 1080p resolution" that is sufficient to state claim that an advertisement of 1080p resolution is false. 22-cv-04775-KAW, ECF 32, at 18. Indeed, *Starratt* noted repeatedly that its holding turned on the fact that the plaintiffs there alleged that the cameras not only "fail to provide 1080p resolution" but

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

REPLY ISO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 3:23-CV-03925

are "incapable of meeting that particular standard at all." *Id.* That is night-and-day different from this case, where Plaintiffs *admit* that the cameras *do* provide the advertised resolution. *See* SAC ¶ 1.

The other two cases that Plaintiffs cite are much the same: Neither bears on the arguments or allegations raised here because both involved claims that differed in critical ways. In *Howard v. DJI Technology, Inc.*, 2017 WL 4181119 (E.D. Cal. 2017), for instance, the plaintiff challenged "statements that the Drones [at issue] were capable of HD recording" and alleged that "the Drones were not in fact capable of HD recording." *Id.* at *4. Again, that is the exact opposite of this case, where Plaintiffs admit that Defendants' devices *are* capable of achieving the requisite resolution. *See* SAC ¶ 1. And with *Date v. Sony Electronics, Inc.*, No. 07-cv-592 (S.D. Cal. 2007), it is not clear what point Plaintiffs mean to make at all. They cite to a later-superseded complaint, a transfer order, and a rejection of a class action settlement, *see* Opp. at 7-8 (citing 07-cv-592, ECF Nos. 22 & 49; 2009 WL 435289, at *1)—not any order passing on the merits of the claims. What is more, the claims in that case—far from being "***identical***" to the ones here, *contra* Opp. at 1— have nothing to do with this case, as they claimed that the televisions at issue "were not capable of accepting 1080p digital video input signals," *Date v. Sony Elecs. Inc.*, 2009 WL 435289, at *1 (E.D. Mich. 2009), which is about as far as one can get from Plaintiffs' admission that the devices here ***do*** provide the pixel counts advertised.

Plaintiffs' reliance on these three cases thus only serves to highlight what is missing in their own SAC. Whereas each of the cases they rely on included allegations that the devices at issue could not provide the advertised resolution, Plaintiffs' SAC admits that Defendants' devices here can do exactly that. *See* SAC ¶ 1. Indeed, this has been Plaintiffs' problem all along—that their own allegations have showed plainly that Plaintiff Tran never "got a device that was anything other than a 2K camera," nor that Plaintiff Shakya "did not get what he bargained for, namely a 4K camera." ECF No. 56 at 3-4. Plaintiffs' flailing attempts to remedy that basic defect have now failed through and through, time and again. Their case should finally be dismissed.

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 7 -

Reply ISO Defendants'
Motion To Dismiss Plaintiffs' SAC
Case No. 3:23-cv-03925

### C. Plaintiffs Should Not Be Given Yet Another Chance To Amend.

Plaintiffs do not dispute that if this Court dismisses their SAC, they should not be given a chance to amend again. *Compare* Mot. at 11 (arguing that leave to amend should be denied), *with* Opp. at 1-15 (nowhere addressing this argument).

## II. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' SAC in its entirety for lack of personal jurisdiction over Power Mobile Life and for failure to state a claim as to both Defendants, with prejudice and without leave to amend.

DATED: May 30, 2024

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Diana M. Rutowski*
DIANA M. RUTOWSKI

*Attorneys for Defendants
Fantasia Trading LLC and
Power Mobile Life, LLC*

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

REPLY ISO DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 3:23-CV-03925